DAVAR HOLDINGS, INC., Landlord, Appellant, *v.* JEROME F. COHEN, Tenant, Respondent.*

First Department, December 2, 1938.

* Revg. 167 Misc. 576.

*Alexander E. Rosenthal* of counsel [*Irving Segal* and *S. Sidney Smith* with him on the brief; *Struckler & Levine*, attorneys], for the appellant.

*Vincent J. Vanasco* of counsel [*Jerome F. Cohen* with him on the brief; *Vincent J. Vanasco*, attorney], for the respondent.

O'MALLEY, J. The principal question involved is whether a tenant in a multiple dwelling, after his landlord has failed to comply with orders of the New York city tenement house department under sections 78 and 80 of the Multiple Dwelling Law, may, himself, comply and counterclaim for the reasonable value of the work in summary proceedings for non-payment of rent.

The tenant, an attorney, entered into a written lease November 8, 1935, with the landlord's predecessor in title of an apartment in a multiple dwelling for a period of one year, ending October 31, 1936. The tenant agreed to take good care of the premises and " at his own cost and expense, but *under the direction of the Landlord,* to comply with all rules and regulations of all Federal, State or Municipal authorities applicable to said premises." (Italics ours.)

The lease further provided that it would be extended and renewed for a further term of one year at the same rental, and upon all other terms and conditions, unless either party at least three months prior to the termination of any term should give notice to the other of an intention to surrender or have possession, as the case might be.

On September 2, 1937, the present landlord, in writing, notified the tenant that it elected to terminate the tenancy, but that the tenant might remain at an increased rental of seven dollars per month, the old rental having been at the rate of forty dollars.

The tenant in his written answer maintained that under the renewal clause he was entitled to remain at the old rental for another year, as three months' notice of termination had not

been given. He also called attention to the alleged need of painting and decorating, and requested that the entire apartment be "done over."

This request not having been complied with, the tenant complained to the tenement house department, which, after inspection, filed violations under sections 78 and 80, *supra*, notice of which was given to the landlord requiring him, so far as material, to do the following work:

"Thoroughly cleanse and paint with light colored paint, the surfaces at the following location:

"4th story, apartment at front south, 4-A, north wing; ceilings and walls of living room, bedroom at front, kitchen and bathroom."

Concededly, the landlord thereafter sent a painter to do certain work in the particular apartment.

The tenant testified, however, that he would not permit the painter to do work. This refusal was predicated upon the painter's statement that his instructions from the renting agents were "to *whitewash* * * * ceilings and walls in the living room and bedroom; * * * that he would not touch any part of the woodwork or wood trim in those rooms; that he would not do any painting or calcimining in the foyer." (Italics ours.)

Thereafter, the tenant, himself, employed a painter to do the work ordered, and paid therefor the sum of forty-five dollars, which, so far as this record is concerned, may be deemed the reasonable value.

The tenant not having paid rent for December, 1937, summary proceedings were brought. The tenant admitted non-payment, but set up by way of setoff and counterclaim, so far as here material, the amount expended to comply with the orders of the city department.

The trial justice held that under the circumstances this was not a proper counterclaim, dismissed it, awarded judgment in favor of the landlord, and directed entry of judgment and the issuance of a warrant. The Appellate Term reversed, and ordered a new trial.

The case seems one of novel impression, no case having been cited or found directly in point.

We are of opinion that the result reached upon the trial was correct, and that the determination of the Appellate Term should be reversed. Concededly, at common law, and before the enactment of the Multiple Dwelling Law, no duty of painting, of decorating, or repair rested upon the landlord in the absence of an express agreement. As already noted, the lease here involved placed the duty of complying with municipal orders upon the tenant.

Under certain circumstances the department itself may, in the premises, have the work done. (Multiple Dwelling Law, § 309.) It is to be noted, however, that nothing expressly authorizes the tenant so to do. The complementary statute (Laws of 1930, chap. 871), as well indicated by the trial justice, prescribes its own penalties for failure to comply with an order of this character.

If the condition ordered to be remedied rendered the premises uninhabitable, the tenant could have removed and, in an action for rent, defended on the plea of constructive eviction. (*Two Rector Street Corp.* v. *Bein*, 226 App. Div. 73.) On the other hand, if he chose to remain in possession, the court upon proof that the condition amounted to constructive eviction and of deposit by the tenant with the clerk of " the rent for the month or months then due," could have stayed summary proceedings for non-payment or an action for rent or rental value; and if the court required that the rental, pending compliance, be paid into court, payment over to the landlord could have been stayed until compliance with the order (Laws of 1930, chap. 871, *supra*). It is further to be noted that for non-compliance with a proper order, the landlord might be further subjected to a fine or penalty under criminal prosecution. (Multiple Dwelling Law, § 304.)

We are of opinion, therefore, that in a case of this character the tenant may not, himself, procure the required work to be done. Under an order so issued, the controversy is between the landlord and the public authorities. It is the landlord and not the tenant who must satisfy the department that the work has been done properly. This statute providing, as it does, its own penalties, should not, as between landlord and tenant, be further extended in scope. Moreover, it is to be noted that outside of the penalties fixed by the statute itself, the liability of the landlord has been enlarged only to the extent of subjecting him to additional liabilities, not in contract, but in tort, with respect to the tenant and others. (*Cullings* v. *Goetz*, 256 N. Y. 287, 292.)

Furthermore, as already noted, the tenant here prevented the landlord from even an attempted compliance with the order served.

It follows, therefore, that the determination of the Appellate Term should be reversed, with costs in this court and in the Appellate Term, and the order and judgment of the Municipal Court affirmed.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Determination of the Appellate Term unanimously reversed, with costs to the appellant in this court and in the Appellate Term, and the order and judgment of the Municipal Court affirmed.