TRIANGLE WINE & LIQUOR CORPORATION, Respondent, *v.* CLOTILDE CANNAVIELLO, Appellant.

Supreme Court, Appellate Term, Second Department, March 17, 1948.

*Israel Harkavy* for respondent.

*Max Kavenoff* for appellant.

*Per Curiam.* Cases outside this jurisdiction supporting or denying the right of a party excavating to enter upon adjoining property and charge the owner thereof with the cost of shoring up a wall of such owner (which are contained in a note in 129 A. L. R. 623) are not controlling in view of the specific provisions in the Administrative Code of the City of New York as to the duty and means of enforcing the duty of the adjoining owner (Administrative Code, § C26–383.0 *et seq.*; § C26–193.0 *et seq.*). A person placed as plaintiff's assignor is given no right by the code to shore up the adjoining premises. Indeed provision is made for exclusive control of the work by a public official in the event the person obligated refuses to perform. Where the Multiple Dwelling Law imposes duties on a landlord it has been held that tenants cannot perform such duties and charge the landlord with the cost of performance (*Davar Holdings, Inc.,* v. *Cohen,* 255 App. Div. 445; *Emigrant Industrial Sav. Bank* v. *108 W. 49th St. Corp.,* 255 App. Div. 570). There was no obligation on the landlord created by statute to pay the tenant. The detailed provisions of the Administrative Code negative any right in the plaintiff's assignor to determine when and how the defendant should perform his duty.

The order should be unanimously reversed on the law, with $10 costs and taxable disbursements, and motion granted.

MacCrate, Steinbrink and Rubenstein, JJ., concur.

Order reversed, etc.