■ GLORIA BAUME, Respondent, v 212 E. 10 N. Y. BAR LTD. et al., Appellants. [634 NYS2d 478] —Judgment of the Supreme

Court, New York County (Emily Jane Goodman, J.), entered August 19, 1994, after jury trial, to the extent that it awarded punitive damages against defendant 212 E. 10 N. Y. Bar Ltd. in the amount of $125,000, and against defendant Bar's employee, defendant John Bouknight, in the amount of $50,000, unanimously modified, the award of punitive damages vacated as to defendant Bar, on the law, and the award of punitive damages against defendant Bouknight reduced to $2,500, on the law and the facts and in the exercise of discretion and, except as so modified, affirmed, without costs.

On December 12, 1992, plaintiff Gloria Baume, together with two of her friends, was at the 10th Street Lounge, an establishment operated by defendant 212 E. 10 N. Y. Bar Ltd. At about 3:30 A.M., defendant John Bouknight, the bouncer employed by the Lounge, requested the party to leave because closing time was approaching. Plaintiff asked for a few minutes to finish her beer and, a short time later, Bouknight repeated the request. Plaintiff, who is 5 feet 6 inches tall and weighs 110 pounds, refused to leave and Bouknight allegedly cursed at her, whereupon plaintiff stated that she "got really mad. So I took the beer and threw it" at him. As plaintiff ran for the exit, Bouknight, who is 6 feet 1 inch tall and weighs 265 pounds, allegedly "slammed" her head into the wall twice and unceremoniously shoved her out the door, as a result of which plaintiff sustained a mild concussion.

After trial, the jury returned a verdict in defendant's favor, awarding her $10,000 for past pain, and nothing for future pain. This award is not disputed on this appeal. The jury also awarded plaintiff punitive damages in the amount of $50,000 against Bouknight and $125,000 against the Bar. Defendants moved to set aside the verdict as excessive and against the weight of the evidence, arguing that plaintiff has not "shown the wanton and reckless behavior on the part of the bar in their retaining Mr. Bouknight in this position." Both defendants appeal the award of punitive damages against them.

The award against defendant corporation is premised on its negligent retention and supervision of defendant Bouknight. It was adduced at trial that one of the corporate officers knew that Mr. Bouknight had been convicted of robbery. However, defendant's uncontroverted testimony is that, at the age of 15, he and two friends saw a "box of money" on the front seat of a "cab" in which the driver was sleeping and which was parked in an abandoned lot with the window open. They "snatched" the box and were immediately surrounded by police who were conducting a decoy operation. No force or weapon was employed.

The only incident in which defendant Bouknight used force while on duty of which the corporation had prior notice occurred some two weeks before the subject battery upon plaintiff. Defendant Bouknight's unrefuted testimony with respect to this altercation is that a patron, who was drunk, "got into my face with his hands. I thought he was going to hit me." Defendant thereupon "slapped him" with "medium" force and the patron fell to the floor.

Defendant corporation's contention that Supreme Court failed to instruct the jury regarding the necessary predicate for the award of punitive damages against an employer (*Loughry v Lincoln First Bank*, 67 NY2d 369, 378-379) is not preserved for our review in the absence of timely objection to the court's charge (*see, Bichler v Lilly & Co.*, 55 NY2d 571, 583; *Bellefeuille v City & County Sav. Bank*, 40 NY2d 879, 880). However, the record on appeal is insufficient, as a matter of law, to sustain the award of punitive damages against the corporation. Plaintiff has established only a single instance in which defendant Bouknight used moderate force in what was characterized as self defense. In order to impose liability for failure to exercise proper control over an employee, it must be demonstrated that the employer knew of a propensity for violence or failed to take reasonable measures to discover such propensity. Whether a single, equivocal instance of the use of force is sufficient to demonstrate a propensity for violence so as to hold the corporation vicariously liable to plaintiff for her actual damages is not before us. However, if the evidence of record is insufficient to put a reasonably prudent person on notice that defendant Bouknight had a propensity for violence then, a fortiori, the failure to perceive the alleged threat and take precautionary measures does not rise to the level of " 'such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton' " (*Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479, quoting Prosser and Keeton, Torts § 2, at 9-10 [5th ed 1984]). The record on appeal is grossly inadequate to support a finding that any omission on the part of the corporation was "intentional, malicious, outrageous, or otherwise aggravated beyond mere negligence" so as to warrant the imposition of punitive damages (*McDougald v Garber*, 73 NY2d 246, 254; *Montemurro v Dodick*, 160 AD2d 690).

As to defendant Bouknight, it cannot be said, as a matter of law, that "no reasonable view of the evidence could have justified a finding of wantonness" to support the award of punitive damages (*cf., Draper v Newbold*, 54 AD2d 677, 678). However,

given the circumstances of this case, we find the award to be excessive and therefore reduce to the extent indicated. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.