■ HOULIHAN/LAWRENCE, INC., Respondent, v MICHAEL DU-VAL, Also Known as MICHAEL RAOUL-DUVAL, Appellant. [644 NYS2d 553]

The appellant purchased an "estate" in Westchester County, allegedly in reliance upon certain representations made by the plaintiff real estate broker that the residence on the estate was designed by the renowned architect Stanford White. When the appellant attempted to sell the estate less than two years later, he could not prove to his buyer's satisfaction that the house had indeed been designed by White as previously represented by the plaintiff broker. Accordingly, while the appellant was able to sell the estate, he allegedly realized a reduced sale price due to the plaintiff's inability to back up its representations. When the plaintiff commenced this action to recover the commission on this sale, the appellant counterclaimed, *inter alia,* for negligent misrepresentation. The Supreme Court awarded the plaintiff summary judgment dismissing the counterclaim and we now affirm.

The Supreme Court reasoned, *inter alia,* that there could be no claim based upon negligent misrepresentation under the facts of this case because the parties were not in privity and they did not enjoy any kind of special relationship necessary for the imposition of liability. However, there may be liability for negligent misrepresentation where there is a relationship between the parties such that there is an awareness that the information provided is to be relied upon for a particular purpose by a known party in furtherance of that purpose, and some conduct by the declarant linking it to the relying party and evincing the declarant's understanding of their reliance *(Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 425; *Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, 551). To state it somewhat more succinctly, the relying party "must have been a person for whose use the representation was intended" or "he must at least have been a member of some very small group of persons for whose guidance the representation was made" (Prosser and Keeton, Torts § 107, at 747 [5th ed], citing Restatement [Second] of Torts § 552 [2] [a]). The predominant concern is that the potential liability of the allegedly negligent party should not be unlimited *(Credit Alliance Corp. v Andersen & Co., supra).*

Applying the foregoing rules to this case, we find that the

court erred insofar as it found, as a matter of law, that there could be no liability on the appellant's negligent misrepresentation counterclaim due to the absence of a sufficient relationship between the parties. The evidence submitted in opposition to the motion demonstrated that the plaintiff allegedly misrepresented the authenticity of the design of the house to a known party with whom it had personal, direct dealings and whose reliance thereupon could be reasonably anticipated. This is not a case where the representations were made "to a faceless or unresolved class of persons, but rather, to a known [purchaser]" *(White v Guarente,* 43 NY2d 356, 361; *see also, Blair Communications v Reliance Capital Group,* 157 AD2d 490).

We further find, as did the Supreme Court, that the appellant has failed to demonstrate that the representations made were false. Indeed, the appellant's complaint is that when he tried to resell the estate, he could not prove its authenticity to the satisfaction of his buyer because the plaintiff failed to produce alleged authenticating documents. However, the record suggests that the appellant made no attempts to otherwise verify Stanford White's status as the architect beyond asking the plaintiff to produce documents it was never shown to possess. Moreover, he eschewed the plaintiff's offer to "put [him] in touch" with the prior owners, who might have been able to produce the requested proof. On this record it cannot be concluded that the house was not designed by Stanford White, only that the plaintiff failed to provide the appellant with proof that would be satisfactory to his buyer. Therefore, we agree that the counterclaim was properly dismissed as the appellant failed to establish that the representations were in fact false *(see, Andres v LeRoy Adventures,* 201 AD2d 262; *Bower v Atlis Sys.,* 182 AD2d 951; *Hausler v Spectra Realty,* 188 AD2d 722). Miller, J. P., Ritter, Krausman and McGinity, JJ., concur.