■ KELSEY GRAMMER, Respondent, v PHILIP TURITS et al., Appellants. [706 NYS2d 453] —In an action, *inter alia,* to recover damages for breach of the implied warranty of habitability, (1) the defendants Dunemere Associates and Bettie Wysor appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, (Seidell, J.), dated March 17, 1999, as denied that branch of their motion pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint insofar as asserted against them, and (2) the defendants Philip Turits and Greenwich Group, Inc., separately appeal from an order of the same court, dated March 19, 1999, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order dated March 17, 1999, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated March 19, 1999, is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Philip Turits and Greenwich Group, Inc., which were for summary judgment dismissing the first and second causes of action insofar as asserted against them and so much of the third cause of action as sought to recover the rent collected by them, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, with the assistance of the defendants Dunemere Associates and Bettie Wysor (hereinafter the brokers), entered into a one-month sublease to rent a beachfront house in Sagaponack from the defendant Greenwich Group, Inc., which had leased the property from the owner, the defendant Philip Turits (hereinafter the landlords). When he initially contacted the brokers, the plaintiff, who resides in California, stressed the need for a home which was private and quiet. However, when he arrived at the house, he allegedly discovered ongoing construction on the adjoining property. Due to this condition, the plaintiff and his family abandoned the rental prior to the expiration of the term.

The plaintiff subsequently commenced this action against the brokers and the landlords. He alleges that the brokers misrepresented that the property would satisfy his requirements of privacy and quiet and failed to disclose the fact that there was construction taking place on the adjoining property. The brokers moved, *inter alia*, pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

To recover on a theory of negligent misrepresentation, a plaintiff must establish that the defendant had a duty to use reasonable care to impart correct information because of some special relationship between the parties, that the information was incorrect or false, and that the plaintiff reasonably relied upon the information provided (*see, Pappas v Harrow Stores,* 140 AD2d 501, 504). "[T]here may be liability * * * where there is a relationship between the parties such that there is an awareness that the information provided is to be relied upon for a particular purpose by a known party in furtherance of that purpose, and some conduct by the declarant linking it to the relying party and evincing the declarant's understanding of their reliance" (*Houlihan/Lawrence, Inc. v Duval,* 228 AD2d 560, 561).

Assuming the truth of the allegations in the complaint and in the affidavits submitted in opposition to the brokers' motion (*see, Guggenheimer v Ginzburg,* 43 NY2d 268), the plaintiff has sufficiently pleaded the existence of a special relationship with the brokers (*see, Houlihan/Lawrence, Inc. v Duval, supra*) and the other elements necessary to state a cause of action to recover damages for negligent misrepresentation. Consequently, the Supreme Court properly denied that branch of the brokers' motion which was to dismiss the complaint against them pursuant to CPLR 3211 (a) (7).

The plaintiff asserted three causes of action against the landlords alleging breach of the covenant of quiet enjoyment, breach of the implied warranty of habitability, and unjust enrichment. The Supreme Court improperly denied those branches of the landlords' motion which sought summary judgment dismissing the first and second causes of actions alleging breach of the covenant of quiet enjoyment and breach of the warranty of habitability and so much of the third cause of action as alleges unjust enrichment based on rent collected.

To establish a breach of the covenant of quiet enjoyment, a tenant must show either an actual or constructive eviction (*see, Herstein Co. v Columbia Pictures Corp.,* 4 NY2d 117). A constructive eviction occurs where the landlord's wrongful acts substantially and materially deprive the tenant of the benefi-

cial use and enjoyment of the leased premises (*see, Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 83). Here, there is no evidence that any act on the part of the landlords substantially and materially deprived the plaintiff of the beneficial use of the property.

"Pursuant to Real Property Law § 235-b, every residential lease contains an implied warranty of habitability which is limited by its terms to three covenants: (1) that the premises are 'fit for human habitation', (2) that the premises are fit for 'the uses reasonably intended by the parties', and (3) that the occupants will not be subjected to conditions that are 'dangerous, hazardous or detrimental to their life, health or safety'" (*Solow v Wellner,* 86 NY2d 582, 587-588). There is no evidence in the record that the premises were uninhabitable, unfit for use, or subject to dangerous or hazardous conditions (*see, Solow v Wellner, supra*).

There is no merit to the plaintiff's third cause of action insofar as it seeks to recover the rent paid to the landlords based on a theory of unjust enrichment. However, there is an issue of fact as to whether the landlords improperly retained a portion of the plaintiff's security deposit. Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.