■ BRUCE T. POLIN et al., Appellants, v BROWN MEMORIAL BAPTIST CHURCH et al., Respondents, et al., Defendant. [744 NYS2d 864] —In an action, inter alia, to recover damages for fraudulent misrepresentation, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated December 11, 2000, as granted the motion of the defendant Brown Memorial Baptist Church for summary judgment dismissing the complaint insofar as asserted against it, and (2) from an order of the same court, dated April 6, 2001, which granted the motion of the defendants Mary Kay Gallagher and Eileen Gallagher for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order dated December 11, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 6, 2001, is affirmed; and it is further,

Ordered that one bill of costs is payable to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action to recover damages arising from their purchase of real property from the defendant Brown Memorial Baptist Church (hereinafter the Church). The defendants Mary Kay Gallagher and Eileen Gallagher, hired by the Church (hereinafter referred to collectively as the respondents), were the real estate agents for the sale. The plaintiffs alleged, among other things, that the respondents failed to disclose, misrepresented, and/or concealed the condition of the premises, particularly damage due to inadequate heating during the winter. In opposition to the respondents'

prima facie demonstration of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that any of the respondents engaged in actionable nondisclosure, misrepresentation, or concealment, or may otherwise be held liable for the damages alleged (*see Glazer v LoPreste,* 278 AD2d 198; *Grammer v Turits,* 271 AD2d 644; *McManus v Moise,* 262 AD2d 370; *Houlihan/Lawrence, Inc. v Duval,* 228 AD2d 560; *London v Courduff,* 141 AD2d 803).

The plaintiffs' remaining arguments lack merit or are not properly before this Court. Ritter, J.P., Altman, Smith and Goldstein, JJ., concur.