■ WILLIAM GALLO, Respondent, v 800 SECOND OPERATING, INC., Doing Business as CHURCHS PIZZA HUT, et al., Defendants, and 800 SECOND OPERATING, INC., et al., Appellants. [752 NYS2d 394] —In an action to recover damages for personal injuries, the defendants 800 Second Avenue Restaurant Corporation doing business as Ryan McFadden's incorrectly sued herein as 800 Second Avenue Restaurant Corp. and Ryan McFadden's appeal, as limited by their brief, from (1) so much of a judgment of the Supreme Court, Kings County (G. Aronin, J.), dated July 13, 2001, as, upon a jury verdict awarding the plaintiff damages in the sum of $200,000 for past pain and suffering, $150,000 for future pain and suffering, and $50,000 for past loss of earnings, and awarding $100,000 for punitive damages, is in favor of the plaintiff and against them in the principal sum of $500,000, and (2) so much of an order of the same court, dated November 15, 2001, as denied their motion pursuant to CPLR 4404 to set aside the jury verdict.

Ordered that the judgment and the order are reversed insofar

as appealed from, on the law, the appellants' motion is granted, so much of the complaint as sought punitive damages against the appellants is dismissed, and a new trial is granted on the remainder of the complaint insofar as asserted against the appellants, with costs to abide the event.

The plaintiff allegedly became unruly while drinking at Ryan McFadden's, a bar/restaurant operated by the appellants. After the manager observed the plaintiff exit the bar, he instructed the doormen not to allow him back inside. Shortly thereafter, the plaintiff returned and was told by the doormen that he could not reenter due to his intoxicated state. The plaintiff attempted to go into the bar and the doormen restrained him, allegedly causing his injuries.

Under these circumstances, the Supreme Court's refusal to instruct the jury on comparative negligence was error. A comparative negligence instruction should be given where there is any valid line of reasoning which could possibly lead rational individuals to conclude that the plaintiff was also at fault (*see Shea v New York City Tr. Auth.*, 289 AD2d 558; *cf. Perales v City of New York*, 274 AD2d 349). Here, a jury could rationally conclude that the plaintiff's actions were a substantial factor in causing his injuries.

Additionally, the Supreme Court erred in submitting the punitive damages claim to the jury as there was insufficient evidence that the employer "authorized, participated in, consented to or ratified the conduct giving rise to such damages, or deliberately retained the unfit servant" (*Loughry v Lincoln First Bank*, 67 NY2d 369, 378; *see Baume v 212 E. 10 N.Y. Bar*, 222 AD2d 211; *Mason v City of New York*, 949 F Supp 1068, 1073). In light of our determination, we need not reach the appellants' remaining contention. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.