◼ MAUDLINE SMITH, Appellant-Respondent, v AMERIQUEST MORTGAGE COMPANY et al., Respondents-Appellants, and NATIONSCREDIT FINANCIAL SERVICES CORPORATION et al., Respondents. [876 NYS2d 447]—

In an action, inter alia, to rescind mortgage notes and to recover damages for fraud and negligent misrepresentation, the plaintiff appeals from stated portions of an order of the Supreme Court, Queens County (Agate, J.), dated September 18, 2006, and the defendants Ameriquest Mortgage Company, Jason Simms, and Mark Lindenmann cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the first, second, and third causes of action and the punitive damages claim insofar as asserted against Ameriquest Mortgage Company and Jason Simms.

Ordered that the appeal by the plaintiff is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the cross-appeal by the defendant Mark Lindenmann is dismissed, as he is not aggrieved by the portion of the order cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as cross-appealed from by Ameriquest Mortgage Company and Jason Simms; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants Jason Simms and Ameriquest Mortgage Company.

The plaintiff was solicited by the defendant Jason Simms, on behalf of the defendant Ameriquest Mortgage Company (hereinafter Ameriquest), to refinance the mortgage on her home. According to the plaintiff, in order to induce her to enter into the loan transaction, Simms represented to her that, after the refinancing, several debts she owed to various creditors would be consolidated," her monthly mortgage payments would be lower, and she would receive a $10,000 disbursement from the refinanced loan. However, after entering into the transaction, the plaintiff's other debts were not consolidated, her monthly payments were slightly higher, and she did not receive a $10,000 disbursement. The plaintiff commenced the instant action against, among others, Simms and Ameriquest (hereinafter together the defendants), alleging fraud, negligent misrepresen-

tation, and promissory estoppel, and also sought punitive damages in connection with the fraud claim. The defendants moved for summary judgment, inter alia, dismissing these causes of action, as well as the punitive damages claim. The Supreme Court denied these branches of the defendants' motion. We affirm.

As the Supreme Court properly concluded, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing the first cause of action alleging fraud. To establish a prima facie case of fraud, "a plaintiff must present proof that (1) the defendant made material representations that were false, (2) the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) the plaintiff justifiably relied on the defendant's representations, and (4) the plaintiff was injured as a result of the defendant's representations" (*Cohen v Houseconnect Realty Corp.*, 289 AD2d 277, 278 [2001]). Conceding the first and fourth elements for purposes of their summary judgment motion, the defendants contend that the plaintiff could not have relied on the alleged oral representations made by Simms because they were contradicted by the written disclosure documents signed by the plaintiff. However, the written documents produced by the defendants do not clearly and unambiguously contradict the oral representations made to the plaintiff by Simms (*cf. Romero v Khanijou*, 212 AD2d 769, 770 [1995]). Therefore, a triable issue of fact exists as to whether the plaintiff was entitled to rely upon those representations made to her before she signed the written documents (*cf. Lewin Chevrolet-Geo-Oldsmobile v Bender*, 225 AD2d 916, 918 [1996]; *Baltzly v Sandoro*, 186 AD2d 1077 [1992]). We note, in this regard, that the plaintiff is an unsophisticated consumer rather than a person experienced in business (*cf. J & J Structures v Callanan Indus.*, 215 AD2d 890, 891-892 [1995]; *Marine Midland Bank v Embassy E.*, 160 AD2d 420, 422 [1990]; *Sterling Natl. Bank & Trust Co. of N.Y. v I. S. A. Merchandising Corp.*, 91 AD2d 571, 572 [1982]).

Furthermore, after signing the written documents produced by the defendants, the plaintiff timely exercised her right to cancel the loan. The plaintiff alleges, and the defendants do not dispute for purposes of the motion, that Simms subsequently came to her home and represented to her that a check to her for $10,000, and checks to the creditors whom the plaintiff was led to believe would be paid off in connection with the refinancing but were not, had been written and mailed. In reliance upon this representation, the plaintiff alleges, she reinstated the loan. Thus, even if the plaintiff can be deemed to have known that

the written documents she signed contradicted and superseded the prior oral representations made to her, there were no written documents contradicting the new representations made by Simms after the loan was cancelled. Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the fraud cause of action was properly denied.

The defendants also failed to establish their prima facie entitlement to judgment as a matter of law with respect to the plaintiff's second cause of action alleging negligent misrepresentation because they failed to establish, as a matter of law, that they had no duty to exercise reasonable care when providing information to the plaintiff regarding the loan transaction. Simms personally solicited the plaintiff to refinance her mortgage with Ameriquest, and came to her home twice to provide her with information about the transaction in an effort to convince her that the transaction was in her best interests. Under these circumstances, there is a triable issue of fact as to whether the nature of the relationship between the parties imposed a duty of care upon the defendants (*see Kimmell v Schaefer,* 89 NY2d 257, 263-265 [1996]; *Caprer v Nussbaum,* 36 AD3d 176, 197 [2006]; *Grammer v Turits,* 271 AD2d 644, 645 [2000]; *Houlihan/ Lawrence, Inc. v Duval,* 228 AD2d 560, 561 [1996]).

The defendants failed to demonstrate that, as a matter of law, punitive damages were unavailable (*see Randi A. J. v Long Is. Surgi-Ctr.,* 46 AD3d 74, 81 [2007]). Further, Ameriquest did not provide any evidence, such as an affidavit from a managerial employee, to meet its prima facie burden of establishing that it did not authorize, participate in, consent to, or ratify the conduct giving rise to the plaintiff's damages (*see Loughry v Lincoln First Bank,* 67 NY2d 369, 378 [1986]; *Gallo v 800 Second Operating,* 300 AD2d 537, 538 [2002]). As such, that branch of the defendants' motion which was for summary judgment dismissing the claim for punitive damages alleged in connection with the plaintiff's fraud causes of action was properly denied.

Moreover, the Supreme Court correctly found that a triable issue of fact existed as to the plaintiff's third cause of action alleging promissory estoppel.

The defendants' remaining contentions are without merit. Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur.