Gregory J. Grinberg, Appellant,
against
Mordechai Eissenberg, 1802 Ocean Parkway Owners, Inc., and Newport Management Company, LLC, Respondents.




Gregory J. Grinberg, appellant pro se.
Law Office of Steven G. Fauth, LLC (Scott S. Levinson, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Eileen N. Nadelson, J.), entered March 6, 2013. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is modified by deleting the provision thereof dismissing so much of the complaint as was asserted against defendant 1802 Ocean Parkway Owner's Inc.; as so modified, the judgment is affirmed, without costs, and the matter is remitted to the Civil Court for the entry of an appropriate amended judgment awarding plaintiff the principal sum of $4,650 plus interest and costs as against that defendant.
Plaintiff brought this action against defendants 1802 Ocean Parkway Owners, Inc. (1802), Newport Management Company, LLC (Newport) and Mordechai Eissenberg, an employee of Newport, for breach of contract or warranty and to recover for property damage caused by a water leak from the apartment above his. At a nonjury trial, the proof revealed that plaintiff is a tenant in a cooperative apartment in a building owned by 1802 and managed by Newport. Plaintiff testified that, in 2005, he had discovered a leak in his ceiling that was causing damage to his apartment. It was determined that the leak had originated from the toilet in the apartment above his. In 2008, the building's management repaired damage caused by that leak, but, plaintiff contended, the damage had not been repaired properly and, thus, he had to spend an additional [*2]$4,650 to fix it. Defendants maintained, among other things, that they were not required to repair plaintiff's apartment, that any repairs that had been made had been done gratuitously and that plaintiff had failed to prove any negligence on their part. Following the trial, the Civil Court dismissed the complaint.
On appeal, plaintiff argues that the court erred in dismissing the complaint because he had established his right to recover as a matter of law based on defendants' breach of Multiple Dwelling Law § 78, the proprietary lease, the warranty of habitability, and an oral contract between himself and defendant Eissenberg, personally and as a representative of 1802 and Newport.
Pursuant to Multiple Dwelling Law § 78, the owner of a multiple dwelling owes a nondelegable "duty to persons on its premises to maintain them in a reasonably safe condition" and is liable to anyone injured "even though the responsibility for maintenance has been transferred to another" (see Mas v Two Bridges Assoc., 75 NY2d 680, 687-688 [1990]). However, Multiple Dwelling Law § 78 does not entitle a tenant to make repairs "which he claims the statute requires the lessor to do, and to [sue] for the value of such work on the theory of breach of contract. . . . Even if the statutory duty could be said to have been imposed for the benefit of one in [tenant's] position, the tenant might waive same" (Emigrant Indus. Sav. Bank v One Hundred Eight W. Forty-Ninth St. Corp., 255 App Div 570, 576 [1939], affd 280 NY 791 [1939]; see Davar Holdings Inc. v Cohen, 255 App Div 445 [1938], affd 280 NY 828 [1939]; Garcia v Freeland Realty, Inc., 63 Misc 2d 937 [Civ Ct, NY County 1970]). Here, the proprietary lease expressly provided that it is the lessee's responsibility to keep the interior walls, floors and ceilings of the apartment in good repair.
The implied warranty of habitability cannot similarly be waived or modified by contract (see Real Property Law § 235-b [2]), and, thus, a tenant may be entitled to be reimbursed by the landlord for repairs the tenant makes to the premises, where the premises' condition leaves it dangerous, hazardous or detrimental to his life, health or safety in violation of the statutory warranty of habitability, notwithstanding a provision in the lease purporting to shift the responsibility of repairs to the tenant (see id.; Spatz v Axelrod Mgt. Co., 165 Misc 2d 759 [Yonkers City Ct, 1995]). Here, in view of defendant 1802's failure to properly repair the water damage and mold in plaintiff's apartment resulting from the leak, defendant 1802 breached the warranty of habitability. Consequently, plaintiff is entitled to recover from defendant 1802 the expenses he incurred in repairing the conditions (see Missionary Sisters of the Sacred Heart v Meer, 131 AD2d 393 [1987]; Spatz v Axelrod Mgt. Co., 165 Misc 2d 759).
We have examined plaintiff's remaining contentions and find them to be without merit.
Accordingly, the judgment is modified by deleting the provision thereof dismissing so much of the complaint as was asserted against defendant 1802 Ocean Parkway Owner's Inc.; as so modified, the judgment is affirmed and the matter is remitted to the Civil Court for the entry of an appropriate amended judgment awarding plaintiff the principal sum of $4,650 plus interest and costs as against that defendant.
PESCE and SOLOMON, JJ., concur.
WESTON, J.P., dissents and votes to affirm the judgment in the following memorandum:
I disagree with the majority's finding of a breach of the implied warranty of habitability. In my opinion, plaintiff never asserted a claim for breach of the implied warranty of habitability [*3]either in his complaint or at oral argument, but rather confined his challenge to the quality of the repairs.[FN1]
Even if such a breach were alleged, I would find that plaintiff failed to show how his health or well being had been affected by the allegedly poor repairs.

Pursuant to Real Property Law § 235-b, implied in every residential lease is a warranty of habitability, which includes three covenants:

"(1) that the premises are fit for human habitation', (2) that the premises are fit for the uses reasonably intended by the parties', and (3) that the occupants will not be subjected to conditions that are dangerous, hazardous or detrimental to their life, health or safety' " (Solow v Wellner, 86 NY2d 582, 587-588 [1995], quoting Real Property Law § 235-b).

The implied warranty of habitability "protects only against conditions that materially affect the health and safety of tenants or deficiencies that in the eyes of a reasonable person * * * deprive the tenant of those essential functions which a residence is expected to provide" (Sollow v Wellner, 86 NY2d 582, 588 [1995] quoting Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 327 [1979] [emphasis in original]).

Although plaintiff, on appeal, contends that the Civil Court failed to consider a claim for breach of implied warranty of habitability, there was no need for the court do so, since plaintiff did not specifically assert such a claim. Instead, plaintiff objected only to the manner in which the repairs had been done and sought the cost of remedying the allegedly shoddy repairs. To that end, plaintiff sought to introduce the testimony of a contractor who had inspected the premises two years after the repairs had been done. Although the contractor noted the presence of mold, neither he nor plaintiff ever maintained that the mold in the bathroom rendered the apartment dangerous, hazardous or otherwise uninhabitable (see Decrescenzo v Kalba, 8 Misc 3d 129[A], 2005 NY Slip Op 51031 [App Term, 2d Dept, 9th & 10th Jud Dists 2005] ["defendants, who resided on the first floor, have failed to show how their health or well being were affected by the mold in the basement"]; see generally Martin v 159 W. 80 St. Corp., 3 AD3d 439 [2004] [air quality tests revealed high levels of highly toxic fungus due to mold from a water leak]). Absent proof of any threats to plaintiff's health or safety, or that the leak or resulting repairs somehow rendered the apartment uninhabitable or unfit for use, there was no evidence from which the trial court could reasonably find a breach of implied warranty of habitability (see Sollow v Wellner, 86 NY2d at 589; Park W. Mgt. Corp. v Mitchell, 47 NY2d at 328 [1979]; Grammar v Turits, 271 AD2d 644 [2000]).

Nor was there any other evidence to support an award damages on this record. Plaintiff's failure to commence this action until five years after the alleged water damage and two years after the repairs had been completed casts serious doubt on the credibility of his claims. Indeed, other than his own self-serving testimony and his contractor's confusing and unreliable testimony, plaintiff proffered nothing to justify awarding him $4,650 to "fix" the repairs. Plaintiff's contractor never testified as an expert, he could not comment on what kind of work was done at the time of the repairs, and any estimates presented included areas that were beyond the challenged repairs. Clearly, the trial court, as the finder of fact, considered and flatly rejected [*4]both plaintiff's and his contractor's testimony. I see no reason to disturb the trial court's assessment.

Accordingly, I decline to modify the Civil Court's decision and vote to affirm the judgment.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 29, 2017



Footnotes

Footnote 1:Plaintiff's summons with endorsed complaint alleges, in relevant part, "Breach of Contract or Warranty for $25,000."