**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-066**

**Filing Date: May 31, 2012**

**Docket No. 31,146**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**MARIO MONCAYO,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Eric D. Dixon
Portales, NM

for Appellant

## OPINION

**CASTILLO, Chief Judge.**

**{1}** Defendant appeals his convictions for possession of a controlled substance with intent to distribute contrary to NMSA 1978, Section 30-31-20(A)(3) (2006), and tampering with evidence contrary to NMSA 1978, Section 30-22-5 (2003), arguing that his Confrontation Clause rights were violated when a chemical forensic report was admitted into evidence based upon testimony from an analyst who had not prepared the report. Defendant further argues that the court erred in allowing the trial to go forward after Defendant exhibited high blood pressure on the day of trial. For the reasons that follow, we reverse Defendant's convictions.

1

**BACKGROUND**

**{2}** On July 27, 2007, police officers executed a search warrant of a residence in Clovis. Officers found Defendant in the front yard of the residence next to a vehicle with an open hood. Defendant was holding a baggie, which he dropped into the engine compartment as an officer approached. One officer took Defendant into custody and subsequently located the dropped baggie. The substance in the baggie was sent to the Department of Public Safety for forensic testing and was tested by analyst Mandy Bergeron. Bergeron completed a laboratory report finding that the substance contained cocaine. Defendant was charged with possession of a controlled substance with intent to distribute; tampering with evidence; and resisting, evading, or obstructing arrest.

**{3}** Defendant was initially brought to trial on September 26, 2008. The State called Fidely Nathanson of the New Mexico State Crime Laboratory to testify regarding the laboratory report prepared by Bergeron. The State explained that Bergeron was still employed with the Laboratory in Santa Fe, but she had chosen to remain in Santa Fe to interview a job applicant on the day of trial. Defense counsel objected, citing the Confrontation Clause, and stating that "[u]nder the [Sixth] and [Fourteenth] Amendments as well as the [s]tate constitution, my client is being denied the opportunity to confront the witness regarding the chain of custody and what they did to preserve [the evidence]. . . . [The proposed testimony] denies me and my client the right to confront witnesses against him." The district court disagreed, determined that the report was a public record, and allowed Nathanson to testify about the report. The jury acquitted Defendant of resisting, evading, or obstructing arrest and dead-locked on the remaining two charges.

**{4}** Defendant was retried for possession of a controlled substance with intent to distribute and tampering with evidence in a jury trial on May 11, 2009. This time, the State called Nick Beninato, another analyst from the Crime Laboratory who had not personally tested the substance in question or completed the report. Defense counsel renewed his objection, stating that allowing Beninato to testify "violates my client's right to confront witnesses against him." The district court again admitted the laboratory report and the testimony of Beninato, concluding that the report was "non-testimonial." The jury found Defendant guilty on both counts, and this appeal followed.

**DISCUSSION**

**Confrontation Clause**

**{5}** Defendant argues that his confrontation rights were violated when the district court admitted the laboratory report through Beninato, a witness who had not performed the testing in question. As a preliminary matter, the State argues that this issue was not properly preserved. Claiming that Defendant focused his arguments on the hearsay rule and authentication and merely made reference to the Confrontation Clause, the State contends that the reference was not "sufficiently specific to alert the [district] court to the claimed

2

constitutional errors." We disagree. In order to preserve an issue for appeal, "it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA. The primary purposes of the preservation requirements are: (1) to specifically alert the district court to a claim of error so that the error may be corrected at that time, (2) to allow the opposing party adequate opportunity to respond to a claim of error, and (3) to create a sufficient record to allow this Court to make an informed decision regarding the contested issue. *Gerke v. Romero*, 2010-NMCA-060, ¶ 18, 148 N.M. 367, 237 P.3d 111. "[W]e have stated that our rule disregards form and relies upon substance, and merely requires that a question be fairly presented to the [district] court and a ruling invoked." *State v. Balderama*, 2004-NMSC-008, ¶ 19, 135 N.M. 329, 88 P.3d 845 (internal quotation marks and citation omitted).

**{6}** We now turn to the record. At trial, both the State and Defendant engaged in arguments regarding the consequences of admitting the report under the Confrontation Clause, thus alerting the court to Defendant's theory and relevant law. Defendant argued the admission of the report would violate his "right to confront witnesses against him," and that he needed "the person here that did the report." In response to Defendant's contention, the district court allowed admission of the report and Beninato's testimony, concluding that they presented "no issue under the [C]onfrontation [C]lause because the report is non-testimonial and satisfies the test of *Ohio v. Roberts*." 448 U.S. 56 (1980), *overruled on other grounds as recognized by People v. Peck*, 674 N.E.2d 440, 447 (Ill. App. Ct. 1996). The fact that Defendant made additional, or perhaps even more extensive arguments under another theory does not mean that his Confrontation Clause arguments were not preserved. Based on the record, we conclude that the district court was alerted to the argument and ruled on it, thus satisfying the preservation requirement. *State v. Skippings*, 2011-NMSC-021, ¶ 27, 150 N.M. 216, 258 P.3d 1008; *Balderama*, 2004-NMSC-008, ¶ 19.

**{7}** We now address the merits of Defendant's argument that the admission of the report violated Defendant's confrontation rights. Questions of admissibility under the Confrontation Clause are questions of law that this Court reviews de novo. *See State v. Zamarripa*, 2009-NMSC-001, ¶ 22, 145 N.M. 402, 199 P.3d 846.

**{8}** The State acknowledges that because the laboratory report was admitted, "it appears there may have been a violation of [D]efendant's right of confrontation." We agree. Our Supreme Court has determined that the admission of a chemical report without the testimony of the preparing analyst violated the defendant's confrontation rights, because "[t]he determinations of whether a substance is narcotic and its degree of purity . . . must be classified as 'opinion,' rooted in the assessment of one who has specialized knowledge and skill." *State v. Aragon*, 2010-NMSC-008, ¶ 30, 147 N.M. 474, 225 P.3d 1280, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ___ N.M. ___, ___ P.3d ___. Thereafter, the United States Supreme Court in *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), implicitly rejected the distinction between chemical analyses and blood alcohol tests and held that the testimony of a substitute expert about a blood alcohol analysis report conducted by another analyst violated the defendant's confrontation rights. The United

3

States Supreme Court concluded that such "surrogate" testimonial evidence offends the accused's "right . . . to be confronted with the analyst who made the certification," *Id.* at 2710, and "may not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused has had a prior opportunity to confront that witness." *Id.* at 2713. The Court stated emphatically that the Sixth Amendment "does not tolerate dispensing with confrontation simply because the court believes that questioning one witness about another's testimonial statements provides a fair enough opportunity for cross-examination." *Id.* at 2716. The Court concluded that the introduction of testimony through a substitute or surrogate witness attesting to the original analyst's report violated a defendant's right to confrontation. *See id.*

**{9}** Here, it is uncontroverted that Defendant had no opportunity to cross-examine Bergeron, the creator of the report. Additionally, the State did not argue that Bergeron was unavailable for trial. In the absence of these requirements, we hold that admission of the report violated Defendant's right to confrontation. *See id.*; *Aragon*, 2010-NMSC-008, ¶¶ 8, 30 (holding that the admission of a testimonial chemical forensic report that identified the chemical makeup of a seized substance and that was prepared by a non-testifying analyst violated the defendant's confrontation rights).

**Harmless Error**

**{10}** In anticipation of this Court's holding that the report's admission was improper, the State offers two additional ways that it argues it properly provided evidence that the substance in evidence was cocaine: (1) the testimony of Beninato, the witness from the State Crime Lab who testified to the test results; and (2) the testimony of Lieutenant Jay Longley, an officer at the scene when Defendant was arrested. Therefore, the State argues that the admission of the laboratory report was cumulative and, thus, harmless error. We first address the State's argument with regard to Beninato's testimony.

**{11}** In determining whether admission of the report was harmless, the State asks us to hold that the testimony of Beninato was properly admitted as Beninato's independent opinion as to the substance in question, relying on Justice Sotomayor's concurrence in *Bullcoming*. 131 S. Ct. at 2722 (Sotomayor, J., concurring) ("[T]his is not a case in which an expert witness was asked for his independent opinion about underlying testimonial reports that were not themselves admitted into evidence."). There is a distinction between an expert witness parroting results of a non-testifying analyst's report, and an expert testifying regarding his or her independent opinion based upon a non-testifying analyst's report. Our Supreme Court in *Aragon* held that had the testifying expert testified unequivocally that the opinion was his own and formed based on underlying facts and data reasonably relied upon in the field, the defendant could have cross-examined the expert based on those opinions. *Aragon*, 2010-NMSC-008, ¶ 33. In *State v. Jaramillo*, this Court interpreted this language to provide a narrow exception: an expert can testify about his or her own opinion based on facts and data contained in a non-testifying expert's report, but only if the testifying expert unequivocally testifies that it was his opinion, not the opinion of the non-testifying witness,

4

and if the testifying expert testifies that the facts and data are the types relied upon by experts in the field. 2012-NMCA-029, ¶ 20, ___ N.M. ___, 272 P.3d 682; *see State v. Gonzales*, 2012-NMCA-034, ¶¶ 27-28, ___ N.M. ___, 274 P.3d 151 (reversing the exclusion of a witness who did not prepare the autopsy report and remanding the case with instructions to evaluate whether expert should be allowed to testify about the report).

**{12}**     Therefore, Justice Sotomayor's concurrence in *Bullcoming*, as well as *Aragon*, *Jaramillo*, and *Gonzales*, all recognize that, in certain circumstances, an expert may testify to his or her independent opinion based upon a non-testifying analyst's report. However, the case before us does not comply with the requirement that the testifying expert express an independent opinion. *Aragon*, 2010-NMSC-008, ¶ 33; *Jaramillo*, 2012-NMCA-029, ¶ 20. In response to the State's questions, Beninato testified about whether Bergeron's report contained a result, whether Bergeron had reached a conclusion about the substance in question, what that conclusion was, and whether Beninato agreed with Bergeron's conclusion. Beninato never testified unequivocally that it was his opinion, and not the opinion of Bergeron. To the contrary, on cross- examination, Defendant questioned Beninato, asking, "you didn't find anything, you're telling the jury what . . . Bergeron apparently found . . . you're testifying is to what you believe her . . . ." Beninato interrupted, answering, "what she found, correct, at the laboratory." Because this testimony does not meet the threshold requirement that the expert unequivocally testify that he or she is expressing an independent opinion, we conclude that the admission of Beninato's testimony was also error. *Aragon*, 2010-NMSC-008, ¶ 33; *Jaramillo*, 2012-NMCA-029, ¶ 20.

**{13}**     Although we have determined that the admission of the report and Beninato's testimony violated Defendant's confrontation rights, we briefly address the State's argument that Rules 11-702 through -705 NMRA, evidence rules pertaining to testimony of expert witnesses, allow an expert witness to rely on facts or data that need not be admissible in offering his or her expert opinion. While the rules of evidence do allow an expert to rely on otherwise inadmissible facts and data in offering an opinion, we only reach the question of whether the testimony is admissible under the rules of evidence after it has been established that the testimony is not barred by the Confrontation Clause. *Aragon*, 2010-NMSC-008, ¶ 6. It is well-established that where the Confrontation Clause bars use of a statement, the evidence rules cannot make the statement admissible. *Jaramillo*, 2012-NMCA-029, ¶ 19.

**{14}**     In addition to Beninato's expert testimony discussed above, the State also argues that the improper admission of the laboratory report was cumulative because Lieutenant Longley's testimony independently proved that the substance in question was cocaine. Lieutenant Longley testified to his expertise working several hundred drug cases over twenty-seven years, and testified that he field tested the substance and recognized the amount of substance found on Defendant as an amount intended for sale. A close review of the evidence, however, reveals that Lieutenant Longley did not testify to the results of that field test. Consequently, there was no evidence that the substance Defendant possessed was actually cocaine.

**{15}** "When a constitutional trial error has been committed, the burden is on the State to demonstrate [that] the error is harmless beyond a reasonable doubt." *State v. Romero*, 2006-NMCA-045, ¶ 70, 139 N.M. 386, 133 P.3d 842 (internal quotation marks and citation omitted), *aff'd*, 2007-NMSC-013, 141 N.M. 403, 156 P.3d 694. A reviewing court should only conclude that a constitutional error is harmless when there is no reasonable probability that it affected the verdict. *State v. Barr*, 2009-NMSC-024, ¶ 53, 146 N.M. 301, 210 P.3d 198, *overruled on other grounds by Tollardo*, 2012-NMSC-008, ¶ 37.

**{16}** We now apply this standard to our case. Recently, our Supreme Court reexamined our harmless error jurisprudence in *Tollardo*, 2012-NMSC-008. *Tollardo* left intact the *Barr* analysis as to constitutional and non-constitutional standards for harmless error analysis, *Tollardo*, 2012-NMSC-008, ¶ 36, but it overruled the *Moore* three-part factor test previously employed in our harmless error case law. *Tollardo*, 2012-NMSC-008, ¶ 38. "[T]he *Moore* factors misstate the law and distort the proper focus of harmless error review from whether the verdict was impacted by the error to whether, in spite of the error, the right result was reached." *Tollardo*, 2012-NMSC-008, ¶ 42 (internal quotation marks and citation omitted). According to the *Tollardo* Court, "a review of the particular circumstances in each case, rather than mechanical application of a multi-factor test, must guide the inquiry into whether a given trial error requires reversal." *Id.* ¶ 2. The Court instructed that reviewing courts should "evaluate all of the circumstances surrounding the error," including "an examination of the error itself, which . . . could include an examination of the source of the error and the emphasis placed upon the error." *Id.* ¶¶ 43, 57. The Court also indicated that evidence of a defendant's guilt separate from the error cannot be the "singular focus" of a harmless error analysis, but that this evidence "may often be relevant, even necessary, for a court to consider, since it will provide context" for understanding the role the error may have played in the trial proceedings. *Id.* ¶ 43.

**{17}** Following this direction, we conclude that the admission of the report was not harmless because without its admission and the testimony based on it, there was no evidence that the substance found on Defendant was cocaine. Without this evidence, there was insufficient evidence to support Defendant's convictions. Although *Tollardo* directs that we consider other factors such as the error itself, we see no need to continue the analysis. Without evidence that the substance in question was cocaine, there is nothing to support the State's case against Defendant.

**{18}** Because we reverse Defendant's conviction, we need not reach Defendant's second issue of whether the district court erred in allowing the trial to go forward despite Defendant's high blood pressure.

**CONCLUSION**

**{19}** We reverse Defendant's convictions and remand this case to the district court for proceedings consistent with this Opinion.

{20}   **IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

**Topic Index for** _State v. Moncayo_**, Docket No. 31,146**

**APPEAL AND ERROR**
Harmless Error
Preservation of Issues for Appeal

**CONSTITUTIONAL LAW**
Right to Confrontation

**CRIMINAL LAW**
Controlled Substances
Tampering

**CRIMINAL PROCEDURE**
Expert Witness
Right to Confrontation

**EVIDENCE**
Drug Testing
Expert Witness