This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                          **NO. 35,835**

**MATTHEW PERKINS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals his conviction for driving while intoxicated. We issued a

Notice of Proposed Summary Disposition proposing to affirm. Defendant has responded with a timely memorandum in opposition, which we have duly considered. Because we remain unpersuaded that our initial proposed disposition was incorrect, we affirm.

**DISCUSSION**

{2}     Defendant continues to argue that his right to confrontation was violated when the district court allowed the State's expert witness to testify that in his opinion Defendant was driving while impaired. [MIO 1, 4-5] "We review claimed violations of the confrontation right de novo." *See State v. Huettl*, 2013-NMCA-038, ¶ 16, 305 P.3d 956.

{3}     According to facts as stated in the docketing statement and the memorandum in opposition, during voir dire, Dr. Hwang, the State's analyst, testified that he did not conduct the test of Defendant's blood, did not personally observe the test being conducted, and did not train the analyst who conducted the test. [DS 4; MIO 3] Dr. Hwang did testify that he independently reviewed the data provided by the gas chromatograph machine, the notes and paperwork provided by the analyst. [DS 4; MIO 3] Dr. Hwang also testified that he formed his opinion by taking other evidence into account such as the fact that Defendant was speeding. Dr. Hwang was then allowed to testify that in his expert opinion, Defendant had both marijuana and

2

methamphetamine in his system and was impaired while driving. [MIO 3]

{4}   Defendant argues that admission of this evidence and testimony violated his right to confrontation. We disagree. In *Huettl*, we noted that the Confrontation Clause prohibits expert testimony that is based solely on a non-testifying analyst's conclusions and analysis. We therefore determined that the defendant's right to confrontation was not violated when the expert witness reviewed raw data interpreted by a non-testifying analyst and formed his own expert opinion that the substance in question was methamphetamine. *See id.* ¶¶ 3, 34-39. In this case, Dr. Hwang testified that he reviewed data generated by another analyst, and then formed his own expert opinion based on this data and other information. We therefore, conclude that Defendant's right to confrontation was not violated. *Compare State v. Moncayo*, 2012-NMCA-066, ¶¶ 3, 8-9, 12, 284 P.3d 423 (holding that the defendant's confrontation right was violated where an analyst testified as to the content of a report prepared by a non-testifying analyst and not to his independently derived expert opinion).

{5}   Defendant also continues to argue that the district court erred in denying his Rule 5-203(C) NMRA motion to sever. [MIO 6] *See* Rule 5-203(C) (providing for separate trials of offenses where it appears that a defendant is prejudiced by the joinder of offenses). We review the district court's denial of a motion for severance

3

for abuse of discretion. *See State v. Flores*, 2015-NMCA-002, ¶ 21, 340 P.3d 622.

{6}     Defendant sought severance of the "driving on a revoked license charge from [the] trial because the revocation was based on a prior DWI." [MIO 6] According to the memorandum in opposition, after Defendant filed his motion to sever, the parties agreed to stipulate that Defendant's license was revoked without stating the basis for the revocation. [DS 4, MIO 6] The record in this case does not indicate that any evidence of the basis of Defendant's prior license revocation was actually introduced against him at trial. *See State v. Dominguez*, 2007-NMSC-060, ¶ 10, 142 N.M. 811, 171 P.3d 750 (stating that the granting of a severance is discretionary, "and one test for abuse of discretion is whether prejudicial testimony, inadmissible in a separate trial, is admitted in a joint trial" (internal quotation marks and citation omitted)). We therefore reject this assertion of error.

{7}     Finally, Defendant withdraws his argument that the district court erred when it did not play the entire recording of the officer's encounter with Defendant because it violated the rule of completeness. [MIO 6-7] *See* Rule 11-106 NMRA ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."). Defendant states that, while a factual basis exists to support this claim, the factual basis is not on

4

the record. *See State v. Haddenham*, 1990-NMCA-048, ¶25, 110 N.M. 149, 793 P.2d 279 (stating that issues for which there is no factual basis in the record will not be reviewed).

{8}     For these reasons, and those stated in our notice of proposed summary disposition, we affirm the district court.

{9}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**M. MONICA ZAMORA, Judge**