This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41021**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellant,

v.

**MANUEL NEVAREZ,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee A. Kirksey, District Court Judge**

Raúl Torrez, Attorney General
Teresa Ryan, Assistant Solicitor General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant Manuel Nevarez was charged by criminal information with criminal sexual contact of a minor, contrary to NMSA 1978, Section 30-9-13(B)(1) (2003). The district court determined that Defendant's decision to waive his *Miranda* rights in a prearrest interview with law enforcement was not knowing and intelligent. The State appeals and argues for the first time that Defendant's interrogation was not custodial, so his *Miranda* rights were not at stake and need not have been voluntarily waived. We affirm.

**DISCUSSION**

**{2}** The State argues that the district court erred in determining Defendant was in custody at the time of the interview. Defendant responds that the State's argument was not preserved. We agree with Defendant.

**{3}** "In order to preserve an issue for appeal, [the State] must make a timely objection that specifically apprises the [district] court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (internal quotation marks and citation omitted); *see* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked."). "We generally do not consider issues on appeal that are not preserved below." *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 (internal quotation marks and citation omitted).

**{4}** Defendant filed a motion to suppress arguing "that he did not validly waive his *Miranda* rights because based on his intellectual functioning level he could not have understood the implications and affect waiving his right to have counsel present with him would cause." This argument presupposed the interrogation was custodial. The State responded, noting the facts of the interview, including that the interviewing detective read Defendant his *Miranda* warnings, that Defendant agreed to speak with the detective, and that Defendant made various admissions. The State also noted that Defendant's IQ was less than 70 and the history of the district court's findings regarding Defendant's competency. The State presented no responsive argument regarding the custodial nature of the interrogation. The State similarly presented no argument on this issue at the hearing on the motion and focused its argument exclusively on the voluntariness of Defendant's statement.

**{5}** On appeal, the State cites cases that it argues support a conclusion that an issue was preserved where "the complaining party did not articulate the objection at the trial level in the same terms argued on appeal, but the [trial] court clearly apprehended, and ruled on, the issue." In none of those cases, however, did the appellate court review a threshold issue that the State previously failed to identify that would have resolved the claim on appeal, thus effectively waiving that claim in district court, before arguing another element of the applicable analysis. *See State v. Williams*, 2011-NMSC-026, ¶ 9, 149 N.M. 729, 255 P.3d 307; *State v. Jenkins*, 2024-NMCA-019, ¶ 27, 542 P.3d 835; *State v. Moncayo*, 2012-NMCA-066, ¶¶ 5-6, 284 P.3d 423.

**{6}** In *Williams*, a pro se defendant made a Fourth Amendment argument to the district court and our Supreme Court determined the specific issue of reasonableness was preserved. 2011-NMSC-026, ¶ 9. Here, the State is not a pro se party and wishes to altogether replace its original argument, not simply refine it. In *Jenkins*, this Court relied on the standard of review to assess an unpreserved misinterpretation of a rule. 2024-NMCA-019, ¶ 27. A strict legal interpretation of a rule is not at issue here. Finally, in *Moncayo*, this Court noted the legal argument that was presented to the district court was the one made to the appellate court, 2012-NMCA-066, ¶¶ 5-6, which is again not

the case here. As these cases do not convince us that this matter was preserved, we decline to address the State's argument.

**CONCLUSION**

**{7}** We affirm.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**