■ Lucille Harley, Appellant, v 135 East 83rd Owners Corporation et al., Respondents. (Action No. 1.) Major Realty Co., Respondent, v Lucey Harley, Appellant. (Action No. 2.) [655 NYS2d 507] —Order, Supreme Court, New York County (Joan Lobis, J.), entered May 22, 1995, which denied plaintiff's motion for partial summary judgment dismissing the Statute of Limitations defenses, and granted defendant's cross motions to dismiss the negligence causes of action on Statute of Limitations grounds, is unanimously affirmed, without costs.

Plaintiff Lucey Harley is a tenant of an apartment (the "apartment") situated in the building designated as 135 East 83rd Street, New York, New York (the "building"). Defendants Cris Burton-Glickman and Jon H. Glickman occupy the apartment directly above plaintiff and, in the latter part of 1987, hired Alex Kovacs to perform certain construction work, including the renovation of a bathroom and related plumbing work.

Plaintiff maintains that as the result of the aforesaid work, leaks developed in her apartment and when Kovacs attempted to remedy the situation, more leaks developed which caused mold to grow in plaintiff's master bathroom. Plaintiff avers that in December 1987, she began getting sick and as her condition worsened, she went to several doctors who incorrectly diagnosed her as suffering from, *inter alia,* thyroid problems,

parasites, Epstein-Barr disease, cytongalvoris and various psychological maladies, including "empty-nest syndrome" because her children had left home.

In February 1990, plaintiff was informed for the first time by a Dr. Michelle Alpert that she might be suffering from an allergic reaction to an unknown substance. Dr. Alpert thereafter referred plaintiff to a Ms. Louise Rossi, a registered nurse in charge of the doctor's allergy laboratory who in March 1990, after taking plaintiff's history, was allegedly the first person to suggest to plaintiff that her health problems were related to the extensive mold growth in her master bathroom/bedroom.

Plaintiff commenced this action by the service of a summons and verified complaint on January 28, 1993, alleging, *inter alia*, negligence, breach of warranty of habitability, nuisance, and constructive eviction. Defendants joined issue and plaintiff thereafter moved for partial summary judgment dismissing certain affirmative defenses, including the affirmative defense that plaintiff's negligence causes of action were time-barred pursuant to CPLR 214-c. Defendants cross-moved for summary judgment dismissing the complaint on various grounds, and by decision and order entered May 22, 1995, the IAS Court, *inter alia*, denied plaintiff's motion and granted defendants' cross motions to the extent that plaintiff's first through fourth causes of action were dismissed as time-barred.

The issue as to when the Statute of Limitations begins to run under CPLR 214-c (2) has recently been decided by the Court of Appeals in *Wetherill v Eli Lilly & Co.* (89 NY2d 506, 513), where it was held that the statutory language, " 'discovery of the injury' ", "was intended to mean discovery of the condition on which the claim was based and nothing more". The Court, in adopting this interpretation, explicitly rejected plaintiff's "complex concept" that " 'discovery of the injury' " *(supra,* at 514) involves both the discovery of the condition and the non-organic etiology of that condition.

In the matter at bar, there is no dispute that plaintiff's symptoms began in December 1987, shortly after the leaks in her apartment were discovered. Plaintiff avers, with evidentiary support, that she saw a number of doctors over the following three years and received a wide range of diagnoses, none of which disclosed her actual problem. It was not until March 1990 that plaintiff's chronic condition was attributed to the mold flourishing in her damp apartment and, up until that time, plaintiff avers that she was aware she was ill, but was not aware that her symptoms were the result of human causes or a natural progression or deterioration of a bodily function or system.

Plaintiff, however, failed to commence this action until January 28, 1993, more than three years after the "discovery of [her] injur[ies]", thereby rendering the action untimely under the restrictions set forth in CPLR 214-c (2). Further, the action was brought more than five years after the injury was discovered and more than one year after the discovery of its cause, rendering it untimely under the provisions of CPLR 214-c (4). Concur—Milonas, J. P., Rosenberger, Wallach and Tom, JJ.