■ LAUREN MARTIN, Respondent, v 159 WEST 80 STREET CORP. et al., Appellants. [770 NYS2d 720]—

Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about January 7, 2003, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211, unanimously modified, on the law, so as to grant dismissal of plaintiff's first cause of action, and as so modified, affirmed, without costs.

Plaintiff alleges that from 1993 to date, ongoing water leaks in her apartment, which defendants failed to resolve, continuously exposed her to toxic mold, fungi and other environmental conditions that have caused her to suffer respiratory, immunological and neurological problems for approximately five years prior to 2001. However, it was not until 2001, when repairs on a defective boiler in the building exacerbated the leakage problems and for the first time caused the odor of mildew and the appearance of black mold on the interior walls of her apartment, that plaintiff became aware of the presence of these conditions and hired a registered environmental assessor and air quality consultant to inspect her apartment. The consultant performed air quality tests which demonstrated high levels of bacteria and fungi in her apartment, and, in particular, significant amounts of Stachybotrys chartarum, a highly toxic fungus which can adversely affect the health of human beings through inhalation, ingestion and skin contact.

Defendants move for dismissal under CPLR 3211 (a) (5), based upon the expiration of the statute of limitations; additionally, defendant Llorente offers a deed indicating that he transferred ownership of the subject property in November 1996. While we would decline to dismiss as against Llorente despite the proffered documentary evidence, because we perceive issues of fact as to his continued managing position in the building, we grant dismissal of the first cause of action on timeliness grounds.

The three-year statute of limitations of CPLR 214-c (2) runs

from the time a plaintiff discovers an injury, that is, from the time she realizes that she has the physical manifestations of illness, regardless of when she learns of the cause (*see Harley v 135 E. 83rd Owners Corp.*, 238 AD2d 136, 137 [1997], citing *Wetherill v Eli Lilly & Co.*, 89 NY2d 506, 513 [1997]). Because plaintiff here experienced the physical manifestations of her illness for five years prior to 2001, the statute of limitations on plaintiff's personal injury action clearly expired pursuant to CPLR 214-c (2) prior to her commencement of this action.

Nor may plaintiff rely upon the extension of the limitations period created by CPLR 214-c (4). That provision permits a plaintiff who did not discover the cause of the illness until up to five years after manifestation of the injury to bring an action within one year after discovery of its cause, *only* where the plaintiff can both plead and prove "that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized" (CPLR 214-c [4]; *see Krogmann v Glens Falls City School Dist.*, 231 AD2d 76, 78 [1997], *lv dismissed* 91 NY2d 848 [1997]). That provision cannot be relied upon here, because plaintiff has not alleged that the medical or scientific community in general lacked information that molds such as those in the apartment could be the cause of her illness. As the Third Department noted in *Krogmann*: "To hold otherwise—essentially tolling the limitations period until plaintiff's physician eventually diagnosed her condition—would allow the date on which a claim accrues to 'depend on such fortuitous circumstances as . . . the diagnostic acuity of [the injured party's] chosen physician', a result explicitly rejected in *Wetherill v Eli Lilly & Co.* ([89 NY2d 506,] 515 . . .)" (*id.*).

As such, plaintiff's claim for her personal injuries is time-barred. However, this does not extinguish her claim based upon the breach of warranty of habitability. Concur—Nardelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.