GARY MARCINKOWSKI, Respondent, v PATRICIA CASTLE, Formerly Known as PATRICIA LAWKOSWKI, Appellant. [870 NYS2d 206]—

Memorandum: Plaintiff commenced this action to recover damages for injuries arising from a mold condition in a home that he leased from defendant. According to plaintiff, he discovered the growth of mold in the basement of the home in October 1998. Plaintiff activated the furnace in November 1998, which circulated air from the basement throughout the house. Later that same month, he began to experience health problems that included asthma, chest pain, extreme fatigue and an exacerbation of a chronic obstructive airway disease. Plaintiff initially attempted to treat those problems with over-the-counter medication, and it was not until March 2002, when he sought medical attention, that he learned that those health problems were related to his exposure to the mold.

Plaintiff commenced this action in April 2004 asserting two claims sounding in negligence, the first based on the exposure to mold and the second based on the alleged noncompliance with applicable building code requirements. In addition, plaintiff asserted a claim for breach of the covenant of quiet enjoyment. Defendant moved to dismiss the complaint as time-barred and based on plaintiff's failure to respond to discovery demands. Supreme Court, inter alia, refused to dismiss the complaint as time-barred. We note at the outset that, in support of that part of her motion with respect to the statute of limitations, defen-

dant contended that plaintiff first discovered his injuries in November 1998 but did not commence the action within three years thereof, as required by CPLR 214-c. Defendant contended that the claim for damages resulting from the exposure to mold "accrued from the time [plaintiff] began to suffer the manifestations and symptoms of his physical condition," but that plaintiff commenced the action more than five years later.

We agree with defendant that the court erred in denying that part of her motion seeking dismissal of the negligence claim based on the exposure to mold inasmuch as that claim is time-barred, and we therefore modify the order accordingly. Defendant established as a matter of law that plaintiff discovered the injuries in November 1998, when he became symptomatic (*see Whitney v Quaker Chem. Corp.*, 90 NY2d 845, 847 [1997]; *Matter of New York County DES Litig.*, 89 NY2d 506, 509 [1997]), but that he failed to commence the action within three years as required by CPLR 214-c. Contrary to the contention of plaintiff, he failed to raise an issue of fact whether CPLR 214-c (4) applies to that claim, and he thus failed to defeat that part of defendant's motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We note, however, that the remaining claims for negligence and breach of the covenant of quiet enjoyment remain intact. In support of her motion, defendant did not contend that those claims are time-barred. In addition, on appeal she does not raise any issues with respect to that part of her motion concerning discovery and thus is deemed to have abandoned any such issues (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Present—Centra, J.P., Fahey, Peradotto, Green and Gorski, JJ.