Certiorari Denied, June 15, 2010, No. 32,405

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2010-NMCA-060

Filing Date:  March 10, 2010

Docket No. 28,652

DAVID L. GERKE,

        Plaintiff-Appellant,

v.

FRANK ROMERO, MRS. FRANK ROMERO,
and JANET ROSS, JOHN DOES 1-3,

        Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Jane Shuler Gray, District Judge

David L. Gerke
Roswell, NM

Pro Se Appellant

Simone, Roberts & Weiss, PA
Kathleen M. Mixon
David W. Frizzell
Albuquerque, NM

for Appellees

OPINION

VIGIL, Judge.

{1}     The primary issue presented in this case is, when does the statute of limitations begin
to run for purposes of "toxic tort" personal injury claims?  Plaintiff (Tenant) appeals pro se
from the district court order granting summary judgment in favor of Defendants (Landlords)
dismissing his claim for damages due to exposure to mold.  The district court granted
summary judgment to Landlords based on Tenant's failure to bring the claim within the
applicable statute of limitations time period.  We affirm the district court.

**BACKGROUND**

{2}     In May 2003, Tenant rented a home from Landlords and lived there until he vacated the home on or before October 20, 2004.  Shortly after moving into the home, Tenant began to feel sick and to develop a rash.  Tenant's health began to deteriorate as he began experiencing respiratory and memory problems, fatigue, coughing, lack of concentration, headaches, irritation in his eyes and throat, weakness, and lack of strength.  Tenant informed Landlords that he believed something in the home itself was making him sick.  When Landlords took no action, Tenant called the City's Environmental Protection Agency (EPA) office and explained that he was very sick and he believed something in the home was causing his sickness.  The EPA office conducted an inspection of the home, and discovered mold growing on some of the walls of the home.  The inspector informed Tenant that "sometimes mold can be very dangerous to a human."  Tenant testified that based on the inspection, he took samples of the spores from the home and had them analyzed.  Tenant asserts that after receiving the results of the analyses, he moved from the home "as soon as possible," leaving most of his possessions behind.  Shortly thereafter, the home was "RED TAGGED" by the EPA office.  Tenant asserts that after vacating the home, he became more and more sick, his rash worsened, he started to develop lesions and, as a result, he suffered both physically and emotionally.

{3}     On October 5, 2004, Landlords filed a petition under the Uniform Owner-Resident Relations Act (the Act), NMSA 1978, Sections 47-8-1 to -52 (1975, as amended through 2009), for nonpayment of rent for the months of May, June, and September 2004.  In response to the petition, Tenant sent a "Letter of Demand" to Landlords on October 12, 2004, listing problems with the rental property, including water leaks, and asking for damages based on his claims that he and his family were "all sick" with ailments such as headaches, chest pains, and sinus problems.  The "Letter of Demand" was filed in Landlords' action to assert counterclaims against Landlords.  Tenant then dismissed all counterclaims included in the "Letter of Demand" that was filed in response to Landlords' petition for writ of restitution. Landlords' petition was granted, and a writ of restitution was issued "effective OCTOBER 20, 2004 AT NOON," restoring the home to Landlords as of that date and time.

{4}     On November 15, 2007, Tenant filed a complaint for negligence and for violation of the Act.  Tenant asserted that Landlords failed to comply with their obligations as listed in Section 47-8-20(A)(1)-(4) of the Act.  Subsections (1)-(4) require that the owner:

> (1)     substantially comply with requirements of the applicable minimum housing codes materially affecting health and safety;
>
> (2)     make repairs and do whatever is necessary to put and keep the premises in a safe condition as provided by applicable law and rules and regulations as provided in Section 47-8-23 NMSA 1978;

2

>                    (3)     keep common areas of the premises in a safe
> condition;
>
>                    (4)     maintain in good and safe working order and condition
>           electrical, plumbing, sanitary, heating, ventilating, air conditioning and other
>           facilities and appliances, including elevators, if any, supplied or required to
>           be supplied by him[.]

Section 47-8-20(A)(1)-(4). In addition, Tenant contended that former residents of the rental property, which included members of Landlords' family, knew or should have known that the rental home had water leaks and mold. Tenant further asserted that he was not certain that the mold caused his ailments until sometime within the year 2007 after he visited a doctor who specialized in mold exposure.

**{5}** Landlords argued that Tenant's complaint was barred by the three-year statute of limitations governing personal injury actions and should be dismissed. The district court agreed, finding that Tenant's own pleadings showed that shortly after he rented the property, he believed he suffered illnesses as a "direct consequence of the mold" in the home. Accordingly, the district court granted Landlords' motion for summary judgment and dismissed Tenant's entire complaint. Tenant makes the following arguments on appeal: (1) that the "discovery rule" operated to toll the statue of limitations until he knew, with certainty, the cause of his illnesses and symptoms; and (2) that the actions of the attorneys representing Landlords rose to the level of fraudulent concealment that tolled the statute of limitations until the fraud was discovered or reasonably should have been discovered.

**DISCUSSION**

**STANDARD OF REVIEW**

**{6}** Tenant contends that the material facts are not in dispute, and Landlords do not disagree. "On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "However, if no material issues of fact are in dispute and an appeal presents only a question of law, we apply de novo review and are not required to view the appeal in the light most favorable to the party opposing summary judgment." *Id.*

**THE APPLICABLE STATUTE OF LIMITATIONS**

**{7}** Landlords sought to dismiss Tenant's entire complaint on the grounds that the complaint was filed outside the three-year statute of limitations pertaining to personal injury claims. In response to Landlords' motion to dismiss the complaint, Tenant acknowledged that the three-year statute of limitations under NMSA 1978, Section 37-1-8 (1976), is

3

applicable to his case. In his pleadings in the district court and on appeal, Tenant has never argued that a statute of limitations other than the three-year period of Section 37-1-8 applies to any of his claims. He has therefore failed to preserve any argument that a different limitation period might apply to his cause of action under the Act, and we need not address that question.

**The "Discovery Rule" Applies**

{8} "Depending on the nature of the claims asserted and the context out of which they arise, personal injury claims may accrue at the time of the occurrence, the time of injury, or the time of discovery." *Williams v. Stewart*, 2005-NMCA-061, ¶ 11, 137 N.M. 420, 112 P.3d 281. Tenant argues that the discovery rule applies to this case. Landlords, while not conceding that the rule applies to cases such as this one, assume for purposes of this appeal that it does. We hold that the discovery rule applies to cases such as this one that involve claims of exposure to toxic substances. *See Roberts v. Sw. Cmty. Health Servs.*, 114 N.M. 248, 252, 837 P.2d 442, 446 (1992) (holding that where there are no explicit instructions as to when a cause of action accrues, a judicial determination as to the date of accrual must be made).

{9} In applying Section 37-1-8 to a claim of medical malpractice against a non-qualifying health-care provider, our Supreme Court held that in cases where the cause of an injury does not present itself at the time of a negligent act, the statute of limitations is governed by the discovery rule. *See Roberts*, 114 N.M. at 256, 837 P.2d at 450. The Court noted that Section 37-1-8 does not state that the statute of limitations runs from the date of the wrongful act. *Roberts*, 114 N.M. at 255, 837 P.2d at 449. The Court also observed that in personal injury cases not involving New Mexico's malpractice statute, the cause of action accrues at the time of the injury. *Id.* The Court adopted the discovery rule, which provides that a cause of action accrues when the claimant knows, or with reasonable diligence, should have known of the injury and its cause. *See id.* at 256, 837 P.2d at 450. Thus, the Court has applied the discovery rule to the same statute of limitations provision that is applicable to this case, Section 37-1-8.

{10} The discovery rule has since been applied in various New Mexico cases, including those involving products liability and professional negligence. *See, e.g., N.M. Pub. Schs. Ins. Auth. v. Gallagher & Co.*, 2008-NMSC-067, ¶¶ 36-37, 145 N.M. 316, 198 P.3d 342; *Martinez v. Showa Denko, K.K.*, 1998-NMCA-111, ¶ 19, 125 N.M. 615, 964 P.2d 176; *Martinez-Sandoval v. Kirsch*, 118 N.M. 616, 621, 884 P.2d 507, 512 (Ct. App. 1994). In *Showa Denko, K.K.*, this Court explained that, under the discovery rule, the statute of limitations begins when the plaintiff "acquires knowledge of facts, conditions, or circumstances which would cause a reasonable person to make an inquiry leading to the discovery of the concealed cause of action." 1998-NMCA-111, ¶ 24 (internal quotation marks and citation omitted). In *Kirsch*, we specifically stated that the statute of limitations is not tolled because a claimant does not have knowledge of the full extent of injury, but that

4

the time period begins to run when the claimant has knowledge of sufficient facts to constitute a cause of action. 118 N.M. at 622, 884 P.2d at 513.

**{11}** Although New Mexico courts have not yet decided the specific question presented in this case, other jurisdictions have applied the discovery rule in cases involving exposure to toxic mold. *See*, *e.g.*, *Marcinkowski v. Castle*, 870 N.Y.S.2d 206, 207 (App. Div. 2008); *Martin v. 159 W. 80 St. Corp.*, 770 N.Y.S.2d 720, 722 (App. Div. 2004); *Harley v. 135 E. 83rd Owners Corp.*, 655 N.Y.S.2d 507, 509 (App. Div. 1997); *Pirtle v. Kahn*, 177 S.W.3d 567, 571 (Tex. Ct. App. 2005). We agree with the foregoing cases, and conclude that the discovery rule applies to this case.

**Accrual of the Limitations Period**

**{12}** Tenant argues that under the discovery rule, the accrual date for the cause of action did not occur "until he received a proper diagnosis of mold poisoning." Tenant maintains that he did not receive such a formal medical diagnosis until shortly before he filed his complaint. However, that is not how the discovery rule is applied. Under the discovery rule, the statute of limitations begins to run when the plaintiff knows or, with reasonable diligence should know, of his injury and its cause. *See Roberts*, 114 N.M. at 255-56, 837 P.2d at 449-50.

**{13}** Out-of-state authority in the specific context of toxic mold cases is consistent with the above discussion. Other courts have held that an action for damages from exposure to mold accrues when a claimant becomes symptomatic or when there are physical manifestations from the exposure. *See Marcinkowski*, 870 N.Y.S.2d at 207; *Martin*, 770 N.Y.S.2d at 722. Thus, when the claimant begins to experience symptoms, it is not necessary for the claimant to know the exact cause of those symptoms. *See Martin*, 770 N.Y.S.2d at 722 (noting that claimant did not allege that the general medical community lacked information that mold could be the cause of symptoms); *Harley*, 655 N.Y.S.2d at 509 (explaining that the term discovery means nothing more than discovery of the condition on which a claim is based); *Pirtle*, 177 S.W.3d at 571 (stating that the discovery rule does not extend the time for filing suit until a claimant discovers the actual cause or possible cure for an injury, but holding that the claim of fraud was not barred based on a broader statute of limitations).

**{14}** Consistent with the foregoing cases, we hold that when the claimant in a toxic mold case experiences physical symptoms that would cause an ordinary person to make an inquiry about the discovery of the cause of the symptoms, that is the point at which the statute of limitations begins to accrue. *See Pirtle*, 177 S.W.3d at 571.

**{15}** Tenant began to experience symptoms shortly after he moved into the rental home. As of the date that he vacated the home, October 20, 2004, Tenant was suffering from a host of symptoms, knew that there was mold in the home, believed that the mold was causing his symptoms, and had been informed by the EPA that mold could indeed be dangerous to

5

humans. Thus, his cause of action accrued no later than October 20, 2004. Tenant did not file his complaint until November 15, 2007, more than three years after that date. Applying the discovery rule to this case, Tenant's cause of action accrued when he was aware of the fact that he was suffering from an injury, when he suspected that his injury was caused by mold, and when with reasonable diligence, he could have discovered that his injury was caused by exposure to mold. The complaint was filed outside the applicable three-year statute of limitations. Tenant's claims are therefore barred.

**Fraudulent Concealment**

{16}     Tenant argues that the district court erred by refusing to consider fraudulent concealment. Tenant alleges that he could not have known and could not have confirmed until after he filed his lawsuit that Landlords and their attorneys were involved in fraudulent concealment.

{17}     In his brief in chief, Tenant states that "[f]raud has come to light in this case." Tenant points out that Parr was the acting magistrate judge in the restitution case initiated by Landlords in 2004 and, after retiring from the bench, Parr represented Landlords in the present case. Tenant contends that while the 2004 case was ongoing, Landlords were told by Parr that they should not reveal anything about the "toxins in the home," and he claims that during the current litigation, Landlords were told that they should not reveal that Parr was representing them. Tenant feels that in the 2004 action, Parr treated his witnesses rudely. Tenant is therefore convinced that Landlords' attorneys were involved in fraudulent concealment and that more evidence of their wrongful actions will be discovered "over time." Tenant argues that because information regarding the toxins in the rental home was fraudulently concealed by Landlords' attorneys, the statute of limitations should have been tolled.

{18}     Landlords argue that the issue of fraudulent concealment was not properly preserved for purposes of appeal. Based on the record, we agree. "[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273.

> The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue.

*Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 50, 146 N.M. 698, 213 P.3d 1127, *cert. granted*, 2009-NMCERT-007, 147 N.M. 363, 223 P.3d 360.

6

**{19}** In order to toll the statute of limitations, Tenant was required to establish that Landlords were aware of their own negligence but concealed that negligence from Tenant or that Landlords failed to disclose medical information pertaining to Tenant's condition and treatment; and that Tenant did not have knowledge of his cause of action and could not have timely discovered the cause of action through reasonable diligence. *See Blea v. Fields*, 2005-NMSC-029, ¶ 28, 138 N.M. 348, 120 P.3d 430. In addressing the preservation question, we have reviewed all the pleadings filed by Tenant, including those specifically referred to by the district court. Tenant did not, however, alert the district court to the claims that he now makes on appeal—that Landlords were cautioned against revealing that toxins were in the home and that Parr concealed information from Tenant. Therefore, this claim of fraudulent concealment was not properly preserved for appeal. In addition, Tenant did not present the district court with any evidence in support of his claim, and he does not cite any evidence to this Court.

**{20}** Finally, we note that even if Tenant's allegations are accepted as true, summary judgment was still appropriate. The alleged instructions to Landlords did not prevent Tenant from being aware that he began to experience a variety of illnesses and symptoms when he moved into the home, that he was made aware that there was mold in the home, and that he believed that his illnesses and symptoms were caused by that mold. *See id.* ¶ 36 (holding that because claimant had knowledge of a cause of action or could have discovered a cause of action through reasonable diligence during the statutory period, despite any concealment by the defendant, the issue of actual concealment was immaterial).

## CONCLUSION

**{21}** We hold that Tenant's complaint was filed outside the applicable statute of limitations and was therefore barred. We also hold that Tenant's claim of fraudulent concealment was not properly preserved for purposes of appeal. We affirm the summary judgment order in this case.

**{22}    IT IS SO ORDERED.**

 

 

 

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**ROBERT E. ROBLES, Judge**

**Topic Index for *Gerke V. Romero*, Docket No. 28,652**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-PA | Preservation of Issues for Appeal |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-DC | Discovery |
| | |
| **EV** | **EVIDENCE** |
| EV-DC | Discovery |
| | |
| **PR** | **PROPERTY** |
| PR-LT | Landlord Tenant |
| | |
| **TR** | **TORTS** |
| TR-SA | Statute of Limitations |
| TR-TX | Toxic Tort |