VANESSA WALLS et al., Appellants, v PRESTIGE MANAGEMENT, INC., et al., Respondents. [900 NYS2d 867]—

Orders, Supreme Court, New York County (Louis B. York, J.), entered May 6, 2009 and October 13, 2009, which, insofar as appealed from, denied plaintiffs' motion for leave to amend the complaint to add a cause of action for negligence on behalf of plaintiff Vanessa Walls and denied plaintiffs' motion to renew the prior motion, respectively, unanimously affirmed, without costs.

Plaintiff Vanessa Walls stated that she first discovered her injuries some time in 2001. Therefore, the motion to amend is time-barred because it was made more than three years after the discovery (*see* CPLR 214-c; *Martin v 159 W. 80 St. Corp.*, 3 AD3d 439, 439-440 [2004]). The prior Civil Court action alleged breach of the warranty of habitability, the measure of damages for which is limited to rent abatement (*see Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 329 [1979], *cert denied* 444 US 992 [1979]; *Elkman v Southgate Owners Corp.*, 233 AD2d 104

[1996]), and the mere breach of that warranty does not give rise to a claim for personal injury (*see Martin*, 3 AD3d at 440). Plaintiff's undated Civil Court bill of particulars does not avail her in her claim that her proposed amendment relates back to the Civil Court action, because she has not demonstrated that it was served before the statute of limitations had expired (*see Smith v Bessen*, 161 AD2d 847, 848-849 [1990]). Nor can plaintiff's amendment relate back to the dismissed housing court proceeding because the pleading in the housing court proceeding is not a "still-valid prior pleading[ ] in this action" (*see Alharezi v Sharma*, 304 AD2d 414, 414-415 [2003]).

Plaintiffs' motion for renewal failed to present any "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 31013(U).]**