This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CAROLE STANTON,**

Plaintiff-Appellant,

**vs.**                                                    **NO. 31,818**

**LOVELACE HEALTH SYSTEM, INC.,**
**A/k/a/ LOVELACE SANDIA HEALTH**
**SYSTEM, ARDENT HEALTH SERVICES,**
**LLC, and RAUL BURGOS,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Joseph David Camacho
Albuquerque, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jennifer Stone
R. Nelson Franse
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Plaintiff appeals the district court's order granting summary judgment to Defendants based upon expiration of the statute of limitations, a subsequent order denying Plaintiff's motion to set aside the order of dismissal and to file a first amended complaint, and an order of clarification. [RP 77, 147, 154] We issued a notice of proposed summary disposition, proposing to affirm. Pursuant to an extension, Plaintiff has filed a timely memorandum in opposition. After due consideration, we remain unpersuaded. We, therefore, affirm the district court's orders.

Plaintiff was a patient in Defendants' healthcare facility, and she claims that she was sexually assaulted by Defendant Raul Burgos on the night of March 16, 2005, while in a reduced state of consciousness due to her medical treatments. [MIO 1-2; DS 3; RP 2 ¶¶ 7-10] Plaintiff initially filed a complaint on May 30, 2008, (2008 Complaint) but that complaint was dismissed for failure to prosecute. [RP 13-14, 77-79] In the 2008 Complaint, Plaintiff alleged that she was sexually assaulted by a male nurse during her March 2005 stay in Defendants' hospital, and she sought an award for the physical and emotional damages she allegedly suffered from that assault. [RP

14 ¶ 2, 77-78] She also acknowledged that she complained about the assault to her daughter in September 2005. [RP 14, 78]

Plaintiff filed a new complaint on October 29, 2010, for sexual assault, breach of contract, breach of the standard of care, negligent hiring, supervision, and retention, and prima facie tort (2010 Complaint). [RP 1-9; DS 5] The 2010 Complaint was dismissed because the statute of limitations had expired. [RP 13-21, 77-80] *See* NMSA 1978, § 37-1-8 (1976). In the order of dismissal, the district court observed that the allegations in Plaintiff's 2008 Complaint established that Plaintiff knew of the alleged assault by September 2005, when she told her daughter what had occurred. [RP 78-79] Therefore, the district court found that there was no material issue of fact as to when Plaintiff knew of the injury. [RP 78-79] *See Brunacini v. Kavanagh,* 117 N.M. 122, 127, 869 P.2d 821, 826 (Ct. App. 1993) (recognizing that discovery of an injury for purposes of the statute of limitations may be decided as a matter of law if there are undisputed facts showing the plaintiff knew or should have been aware of the actionable conduct on or before a certain point in time).

On appeal, Plaintiff claims that the statute of limitations should be tolled because Defendants' allegedly fraudulent actions prevented her from discovering the identity of her tort feasor until after the limitations period had expired. [MIO 3-4, 9-11, 13-14; DS 5-7] In our previous notice, we proposed to affirm because the record

3

established that Plaintiff "discovered" the sexual assault at some point prior to September 2005 when she told her daughter about it, even if she had yet to learn the identity of the individual tort feasor. *See Gerke v. Romero*, 2010-NMCA-060, ¶ 10, 148 N.M. 367, 237 P.3d 111 (recognizing prior case law holding that the statute of limitations begins to run when the plaintiff has "knowledge of sufficient facts to constitute a cause of action"); *Williams v. Stewart*, 2005-NMCA-061, ¶ 12, 137 N.M. 420, 112 P.3d 281 (stating that "[t]he discovery rule provides that the cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that a claim exists" (internal quotation marks and citation omitted)).

In opposing our proposed disposition, Plaintiff again argues that the statute of limitations should be tolled because of Defendants' alleged refusal to identify the alleged perpetrator of the sexual assault. [MIO 9-11, 13-14] She further contends that we failed to take into consideration Defendants' "documented fraudulent acts" of concealing the alleged perpetrator's identity. [MIO 5, 13-14 We disagree.

As discussed in our previous notice, there is no indication that Defendants intentionally withheld information directed toward showing that Plaintiff had been injured. *See Tomlinson v. George*, 2005-NMSC-020, ¶ 14, 138 N.M. 34, 116 P.3d 105 (recognizing that "if a plaintiff discovers the injury within the [limitations period], fraudulent concealment does not apply because the defendant's actions have not

4

prevented the plaintiff from filing the claim within the time period"). Even without knowing that identity of the alleged perpetrator, Plaintiff had enough information to file the 2008 Complaint specifically alleging that she knew of the assault by September of 2005. [RP 79 ¶ 12]

Moreover, any attempts by Defendants to willfully conceal the identity of the alleged perpetrator fail to establish grounds for an equitable tolling of the statute of limitations because Plaintiff failed to avail herself of the avenues available to her to discover the withheld information, namely serving Defendants and then seeking discovery. [RP 78 ¶ 9] In our notice of proposed summary disposition, we observed that Plaintiff never served Defendants with the 2008 complaint even though she knew of the assault, she never attempted to do any discovery, and she never attempted to reinstate the 2008 Complaint. [RP 78 ¶¶ 6, 7] It is entirely speculative whether, had Plaintiff served Defendants and sought the missing information through discovery, it would have been provided. *Cf. Blea v. Fields,* 2005-NMSC-029, ¶ 28, 138 N.M. 348, 120 P.3d 430 (noting that, in considering whether the statute of limitations should be tolled based on fraudulent concealment, the court considers whether the plaintiff "lacked knowledge of her cause of action and could not have discovered it by exercising reasonable diligence during the statutory period").

In her memorandum in opposition, Plaintiff also claims that she could not have gone forward with the 2008 Complaint because, in the absence of knowing the identity of her perpetrator, her complaint would have been subject to dismissal for failure to name a necessary party or she would have been vulnerable to a motion for summary judgment. [MIO 6, 11] We are unpersuaded.

Given that Plaintiff did not even serve the known Defendants, any assertion that her complaint might have been subject to dismissal is entirely speculative. Furthermore, we are not convinced that the district court would have granted summary judgment before assisting Plaintiff in conducting any necessary discovery had she requested such assistance because, in general, summary judgment will not be granted until a party has completed discovery. *See Diversified Dev. & Inv., Inc. v. Heil*, 119 N.M. 290, 296, 889 P.2d 1212, 1218 (1995) (noting that "[g]enerally, a court should not grant summary judgment before a party has completed discovery" (internal quotation marks and citation omitted)); *cf. Ciup v. Chevron U.S.A., Inc.*, 1996-NMSC-062, ¶ 22, 122 N.M. 537, 928 P.2d 263 (noting that, in responding to summary judgment, the plaintiffs never informed the trial court that "they were hampered in their discovery efforts" and stating that a party cannot complain about lack of discovery on appeal if it never informed the trial court that it should defer summary judgment until that court has resolved any discovery issues).

In urging this Court to reconsider its proposed disposition, Plaintiff cites to cases from other jurisdictions that allegedly support her contention that the statute of limitations should be tolled because of Defendants' alleged fraudulent concealment. [MIO 15-18] Plaintiff's discussion of these cases indicates that they do not warrant reconsideration of our proposed disposition because they address situations where the alleged fraudulent concealment prevented the plaintiff from discovering the existence of a potential claim or the named defendant's potential liability. [MIO 15-18] As previously discussed, in this case Plaintiff knew from at least September of 2005 that she had a claim for the assault the allegedly occurred in Defendants' hospital. In light of the New Mexico case law previously discussed in this opinion, and the clear showing that Plaintiff had sufficient knowledge to bring her lawsuit by September 2005, we decline to consider Plaintiff's invitation to consider whether authority from other jurisdictions might suggest a different result.

Finally, in her docketing statement and memorandum in opposition, Plaintiff claims that the district court erred in dismissing her breach of contract claim because the applicable limitations period had yet to expire. [MIO 4; DS 6] In our notice, we proposed to affirm because all of Plaintiff's alleged damages resulting from the breach of contract are based on the personal injuries she received from the alleged assault and therefore the three-year limitations period applicable to personal injury claims applies

to all of Plaintiff's claims. [RP 155] *See Mantz v. Follingstad,* 84 N.M. 473, 478-79, 505 P.2d 68, 73-74 (Ct. App. 1972). Plaintiff has failed to dispute our analysis on this issue, and therefore, we affirm for the reasons set forth in our earlier notice.

**CONCLUSION**

For the reasons set forth above and those contained in our notice of proposed summary disposition, we affirm the district court's orders.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**J. MILES HANISEE, Judge**