Brightman v Sim (2020 NY Slip Op 06846)





Brightman v Sim


2020 NY Slip Op 06846


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Index No. 150302/15 Appeal No. 12450-12450A Case No. 2020-01643 

[*1]Lori Brightman, Plaintiff-Appellant,
v
Alice Sim, Defendant-Respondent.


Arye, Lustig & Sassower, P.C., New York (D. Carl Lustig III of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Merril S. Biscone of counsel), for respondent.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered December 9, 2019, dismissing plaintiff's complaint, unanimously affirmed, without costs. Appeal from the underlying order, same court and Justice, entered August 12, 2019, which granted defendant's motion to dismiss the complaint as time-barred, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Pursuant to CPLR 214-c, an action for latent personal injuries caused by exposure to harmful substances may be commenced up to three years from the date the injury is discovered or should have been discovered by a reasonably diligent plaintiff, whichever is earlier. An injury [*2]is discovered "when the injured party discovers the primary condition on which the claim is based" (Matter of New York County DES Litig., 89 NY2d 506, 509 [1997]; Martin v 159 W. 80 Street Corp., 3 AD3d 439 [1st Dept 2004]). Plaintiff's deposition testimony and medical records show that she first became aware of the manifestations of symptoms that she has attributed to the mold exposure, including vertigo, headaches, weakness, dry cough, breathing issues, and rhinosinusitis in December 2011. Thus the three-year statute of limitation period is not computed from the time of diagnosis which was after the mold inspection on January 12, 2012, or the time that plaintiff learned of the actual cause of her symptoms. Rather, her claim accrued when she made repeated visits to her treating providers for symptoms described in her bill of particulars as caused by the mold exposure, which occurred in December 2011, at the latest (see Whitney v Quaker Chem. Corp., 90 NY2d 845, 847 [1997]; see also Wetherill v Eli Lilly & Co., 89 NY2d 506, 509 [1997]). 
Moreover, there is no evidence to show that plaintiff sustained an injury or received a diagnosis after January 2012 that was separate and distinct from symptoms before this date (see Harley v 135 E. 83rd Owners Corp., 238 AD2d 136, 137-138 [1st Dept 1997]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020