This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38224**

**GILBERT J. HINOJOS,**

Plaintiff-Appellant,

and

**DONNA HINOJOS,**

Plaintiff,

v.

**CITY OF ELEPHANT BUTTE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Matthew G. Reynolds, District Judge**

Gilbert J. Hinojos
Albuquerque, NM

Pro Se Appellant

Miller Stravert, P.A.
Lawrence R. White
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Plaintiff-Appellant (Appellant), a self-represented litigant and one of two plaintiffs (Plaintiffs) in the underlying litigation, appeals the dismissal of Plaintiffs' case against Defendant at trial, pursuant to Rule 1-041(B) NMRA. [4 RP 832] This Court issued a

notice of proposed disposition, proposing to affirm. Appellant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Our notice proposed to affirm on the basis that Appellant has not demonstrated that the district court failed to consider all of Plaintiffs' evidence in support of their case, and the dismissal was not solely based on Plaintiffs' answer to one question posed by Defendant's counsel—that the problem at Plaintiffs' property was the culverts, and not erosion. [CN 3-4] We also proposed to conclude that as to Plaintiffs' inverse condemnation allegations of "continuous erosion and continuous damages" to their property, which Appellant asserted could support filing a new claim every time a heavy rain caused more damage, the district court was correct in finding that Appellant testified that the only evidence of a "taking" by the city was installation of the culvert, and it appears no factual or legal discussion of a "continuous" taking was discussed at trial. [CN 4] Thus, we proposed that Appellant's inverse condemnation claims were time-barred. [CN 4] *See* NMSA 1978, § 42A-1-31(A) (1981) ("No action or proceeding shall be commenced against any state agency or political subdivision by any person claiming an interest in property acquired or held by a state agency or political subdivision unless such action is brought within three years from the date such person was first entitled to reclaim his interest in the property[.]").

**{3}** In his memorandum in opposition, Appellant continues to assert that his claims are not barred to the extent they were brought, in part, as a tort claim, which he asserts was subject to a four-year statute of limitations and thus timely filed. [MIO 1] Appellant also cites to portions of Plaintiffs' initial "complaint, motions[,] or responses to Defendant" that allege "continuous erosion." [MIO 2-3] Appellant relies on pictures Plaintiffs produced as exhibits of "the continuous[ly] damaged property[,]" as well as excerpts of an engineer's report about the culverts causing continuous damage. [MIO 3-4] Appellant cites to case law regarding general principles of inverse condemnation cases. [MIO 6]

**{4}** We first address Appellant's contention that he raised a tort claim that was not time-barred. [MIO 1-2] The district court's order dismissing Plaintiffs' claims states that "Plaintiffs proceeded to trial under claims of *[n]egligence* and *[i]nverse [c]ondemnation* alone, and presented evidence only in this regard at trial." [4 RP 833] The district court determined that Plaintiffs' negligence claim was barred by the statute of limitations for tort claims against a governmental entity such as Defendant. [4 RP 833] *See* NMSA 1978, § 41-4-15(A) (1976) ("Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death[.]"). It is unclear under what statute Appellant asserts that he was entitled to a four-year statute of limitations or why the district court's determination was in error, and no such reason is apparent. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the trial court is correct and that the burden is on the

appellant to clearly demonstrate that the trial court erred). We therefore conclude that the district court did not err in determining Plaintiffs' tort claims were barred.

**{5}** We next address Appellant's contentions that he alleged continuous damage of Plaintiffs' property and presented some evidence of such, apparently in support of indefinitely extending the statutes of limitation governing his claims. [MIO 2-4] We note that with respect to inverse condemnation, this argument was already addressed in our notice of proposed disposition, and Appellant does not respond to the fact that such a claim accrues from the date he was first entitled to make a claim. [CN 4-5] *See* § 42A-1-31(A) (providing that the action should have been brought "within three years from the date such person was first entitled to reclaim his interest in the property"); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement).

**{6}** Regarding the tort claim, which, as discussed above, is subject to a two-year statute of limitations, we note that New Mexico applies the discovery rule, which means that the statute of limitations "period begins to run when the claimant has knowledge of sufficient facts to constitute a cause of action." *Gerke v. Romero*, 2010-NMCA-060, ¶ 10, 148 N.M. 367, 237 P.3d 111. "The discovery rule provides that the cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that a claim exists." *Williams v. Stewart*, 2005-NMCA-061, ¶ 12, 137 N.M. 420, 112 P.3d 281 (internal quotation marks and citation omitted). "[A] cause of action brought under Section 41-4-15(A) will accrue regardless of whether or not the plaintiff is aware of the full extent of his or her injury." *Maestas v. Zager*, 2007-NMSC-003, ¶ 22, 141 N.M. 154, 152 P.3d 141.

**{7}** We therefore conclude that the district court did not err in determining that Plaintiffs' claims—based on a date of occurrence in their "notice of tort claim" that was more than two years before the claim was filed, and which identify the construction of the culvert (the alleged taking) as more than three years before the claim was filed—were time-barred. [4 RP 834-35] We note that Appellant did not respond to our notice's proposal that the district court considered the full presentation of Plaintiffs' case prior to dismissal, and we deem that issue abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned).

**{8}** We therefore conclude that Appellant has not demonstrated error by the district court in dismissing Plaintiffs' case. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8.

**{9}** For these reasons and those in the notice of proposed disposition, we affirm.

**{10} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**