This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39450

**LILIANA GONZALES-PITTMAN,**

>      Plaintiff/Counterdefendant-Appellant,

v.

**SAM BREGMAN,**

>      Defendant/Counterplaintiff-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**James A. Noel, District Court Judge**

The Allison Law Firm, P.C.
Michael Alllison
Albuquerque, NM

for Appellant

Law Office of Monnica L. Barreras, LLC
Monnica L. Barreras
Albuquerque, NM
for Appellee

## DECISION

**WRAY, Judge.**

{1}     The sole issues in this appeal relate to the damages and attorney fees awarded to Defendant by the district court after Plaintiff failed to answer Defendant's counterclaims against Plaintiff for malicious abuse of process and defamation, and the district court entered default judgment. Plaintiff raises three issues: (1) the sufficiency of the evidence supporting the compensatory damages, (2) the award of punitive damages, and (3) the award of attorney fees.

**{2}** Plaintiff first maintains that as a matter of law, the evidence did not support the elements of each underlying counterclaim. By this argument, Plaintiff attempts to circumvent the impact of the default judgment and asks this Court to treat the damages hearing as a test for the sufficiency of the pleading of the counterclaims. We agree with Plaintiff that a default judgment that is "entered on well-pleaded allegations in a complaint establishes . . . liability." *See Gallegos v. Franklin*, 1976-NMCA-019, ¶ 40, 89 N.M. 118, 547 P.2d 1160. We disagree, however, that Defendant's allegations were insufficient to state the counterclaims. Defendant pleaded the elements of each counterclaim at paragraphs ten through seventeen of the counterclaims.[1] As a result, after entry of the default judgment in the present case, all that remained to be determined was the "dollar amount of the damages suffered by [Defendant]." *See Burge v. Mid-Continent Cas. Co.*, 1997-NMSC-009, ¶ 24, 123 N.M. 1, 933 P.2d 210. Plaintiff does not challenge the dollar amount of the damages.

**{3}** Instead, Plaintiff contends that the underlying complaint must be based on more than "speculative or conclusory statements" and for support, cites federal law and *Burge*. We are unpersuaded by the federal citations. New Mexico law has declined to adopt the heightened federal pleading standard. *See Madrid v. Vill. of Chama*, 2012-NMCA-071, ¶¶ 16-18, 283 P.3d 871. The allegations in the counterclaims satisfied the New Mexico notice pleading standard. *See* Rule 1-008(A) NMRA, *discussed in Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 13, 335 P.3d 1243 ("Today the basic guidelines for pleading claims in New Mexico can be found in Rule 1-008, which states that any claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." (internal quotation marks and citation omitted)). Our Supreme Court's holding in *Burge* is also inapposite, because the present case required no determination of comparative fault. *See Burge*, 1997-NMSC-009, ¶ 24 (holding that "a defaulting party admits only to the liability of [their] portion of the damages"). We therefore reject Plaintiff's arguments and affirm the award of compensatory damages.

**{4}** Plaintiff next contends that the punitive damages award was unsupported and excessive. To the first point, Plaintiff argues that the evidence did not support the punitive damages award because no evidence supported the compensatory damages award. We agree that a party must establish that some compensatory or nominal damages are allowed before punitive damages may be awarded. *See Sanchez v. Clayton*, 1994-NMSC-064, ¶ 17, 117 N.M. 761, 877 P.2d 567. We have, however, affirmed the compensatory damages award and therefore consider that argument no further. We apply our well-established standard of review for the sufficiency of the evidence to determine whether a punitive damages claim is supported. *See Walta v. Gallegos Law Firm, P.C.*, 2002-NMCA-015, ¶ 59, 131 N.M. 544, 40 P.3d 449. Having reviewed the counterclaims, the supporting evidence, the record, and the hearing on damages, we are satisfied that the punitive damages award was supported by the evidence. *See Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, ¶¶ 21, 60, 289 P.3d 1255.

---

[1] The counterclaims additionally include factual allegations in paragraphs one through ten, as well as a factual summary supported by attached documents.

**{5}** To the second point challenging punitive damages, we will not consider the issue because Plaintiff failed to preserve an argument that the punitive damages award was excessive and therefore unconstitutional. *See State v. Chavez*, 2021-NMSC-017, ¶ 16, 485 P.3d 1279 ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked by an objection to a ruling or order at the time it is made." (omission, alterations, internal quotation marks, and citation omitted)); *Gerke v. Romero*, 2010-NMCA-060, ¶ 18, 148 N.M. 367, 237 P.3d 111 ("Absent that citation to the record or any obvious preservation, we will not consider the issue." (internal quotation marks and citation omitted)). Plaintiff acknowledges that the argument was not raised in the district court, *see Aken v. Plains Elec. Generation & Transmission Coop., Inc.*, 2002-NMSC-021, ¶¶ 9-10, 132 N.M. 401, 49 P.3d 662 (holding that a motion to reconsider preserved the constitutional issue of punitive damages in the district court), but argues that this Court should exercise its discretion to review the issue as a matter implicating the general public interest or Plaintiff's fundamental rights. *See* Rule 12-321(B)(2)(a), (d) NMRA; *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 22, 133 N.M. 669, 68 P.3d 909 (setting forth the preservation exceptions). We decline to do so in the present case. *See Azar*, 2003-NMCA-062, ¶ 28 (noting that the general public interest exception applies where the issues are "likely to settle a question of law affecting the public at large or a great number of cases and litigants in the near future"); *State ex rel. Child., Youth & Fams. Dep't v. Ruben C.*, 2022-NMCA-063, ¶¶ 46-50, 521 P.3d 431 (applying the fundamental rights exception considering "the interests at stake," including fundamental constitutional rights, the remedial nature of the statute involved, the nature of the error, and "the inequity that would result in th[e] case were we not to apply an exception to our appellate rules governing preservation of issues").

**{6}** Last, Plaintiff argues that the district court abused its discretion in awarding attorney fees. We focus on Plaintiff's contention that the attorney fee award failed to differentiate between fees related to prosecuting the defamation claim and the malicious abuse of process claim. While this argument was also not preserved, Plaintiff had little opportunity to challenge the fee affidavit. *See* Rule 12-321(A) (explaining that the absence of an objection will not prejudice a party if the party had "no opportunity to object to a ruling or order at the time it is made"). At the evidentiary hearing, Defendant did not put on evidence of attorney fees but instead testified about a flat fee arrangement and requested compensation for the flat fee. The district court denied the flat fee and required Defendant to separately submit a fee affidavit. Thus, at the hearing, Plaintiff had no opportunity to object to evidence supporting the fee award. Three days after Defendant submitted the fee affidavit, the district court entered the final judgment on damages, leaving little chance for objection to the fee affidavit in the interim. Accordingly, the failure to preserve this challenge should not prejudice Plaintiff. *See id.*

**{7}** The parties appear to agree that attorney fees can be awarded as damages for a malicious abuse of process claim, and we are satisfied that Defendant established that such damages were warranted. Defendant, however, provides no authority that attorney fees are recoverable for defamation claims and concedes that attorney fees are generally "not compensable on a defamation claim." Thus, Defendant was entitled to recover fees only for the time that could be considered damages for the malicious

abuse of process claim. We agree with Plaintiff that the fee affidavit did not—but was required to—differentiate between the fees expended to prosecute the two different counterclaims. *See Chapman v. Varela*, 2008-NMCA-108, ¶ 56, 144 N.M. 709, 191 P.3d 567, *rev'd on other grounds*, 2009-NMSC-041, 146 N.M. 680, 213 P.3d 1109. The record does not support a determination that the district court awarded fees as part of its inherent authority to sanction for frivolous litigation, as Defendant suggests. Instead, the record indicates that Defendant intended to seek fees "for the representation in addressing all of these allegations" and the affidavit was designed to justify those fees that were "reasonable and necessary to properly defend the false allegations and prosecute the counterclaims." Because neither the fee affidavit nor the district court's order differentiate between fees requested for malicious abuse of process and defamation, we must reverse the attorney fee aspect of the district court's judgment and remand for further proceedings.

{8}     For these reasons, we affirm the district court's award of compensatory and punitive damages and reverse the award of attorney fees. We remand for reconsideration of the amount of the attorney fee award related to Defendant's prosecution of the counterclaim premised upon malicious abuse of process by Plaintiff.

{9}     IT IS SO ORDERED.

KATHERINE A. WRAY, Judge

WE CONCUR:

JENNIFER L. ATTREP, Chief Judge

J. MILES HANISEE, Judge