This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40676**

**BETHANY DURLAND,**

      Plaintiff-Appellant,

v.

**BREWER GROCERY, LLC**
**d/b/a S&S SUPERMARKET,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred Van Soelen, District Court Judge**

Lindsey Law Firm, L.L.C.
Daniel R. Lindsey
Clovis, NM

for Appellant

David C. Larsen
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BLACK, Judge Pro Tem.**

**{1}**    This case arises out of a trip and fall personal injury claim. Plaintiff Bethany Durland filed her complaint on November 17, 2021, but did not request or issue service of the complaint until she filed her first amended complaint on February 16, 2022. In the first amended complaint, she alleged that "on November 11, 2018, Plaintiff . . . was walking into the S&S Supermarket. . . . Just before entering the store, her foot got caught in a deep, wide crack in the cement walkway, and she fell forward onto her hands and knees, hitting her head on the ground."

**{2}** Defendant Brewer Grocery, LLC d/b/a S&S Supermarket filed its answer to the first amended complaint on March 24, 2022. Defendant then filed a motion to dismiss the first amended complaint based on the assertion that Plaintiff had failed to file the original complaint within the three-year statute of limitations as required under NMSA 1978, Section 37-1-8 (1976). Plaintiff filed a response contending that the discovery rule applied to her causes of action due to repeated misdiagnosis of the cause of her pain by her medical providers. After considering the pleadings, briefing, and arguments of the parties the district court granted Defendant's motion to dismiss. We reverse.

## DISCUSSION

### I. Standard of Review

**{3}** "In reviewing a district court's decision to dismiss for failure to state a claim, we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Hovey-Jaramillo v. Liberty Mut. Ins.*, 2023-NMCA-068, ¶ 8, 535 P.3d 747 (internal quotation marks and citation omitted). "Dismissal is appropriate only if the plaintiff is not entitled to recover under any theory of the facts alleged in [the] complaint." *Id.* (omissions, internal quotation marks, and citation omitted).

### II. The Complaint Was Improperly Dismissed Because the Discovery Rule May Apply to Toll the Statute of Limitations Under the Facts Alleged

**{4}** Generally, there are two basic standards that trigger the initiation of the statute of limitations: the "discovery rule" and the "occurrence rule." *Trubow v. N.M. Real Est. Comm'n*, 2022-NMCA-044, ¶ 10, 516 P.3d 224; *Cummings v. X-Ray Assocs. of N.M., P.C.*, 1996-NMSC-035, ¶ 47, 121 N.M. 821, 918 P.2d 1321. This case turns on the proper application of the discovery rule. Under the discovery rule "the cause of action accrues when the plaintiff knows or with reasonable diligence should have known of the injury and its cause." *Trubow*, 2022-NMCA-044, ¶ 15 (internal quotation marks and citation omitted); *Gerke v Romero*, 2010-NMCA-060, ¶ 9, 148 N.M. 367, 237 P.3d 111.

**{5}** Plaintiff's first amended complaint alleged that she tripped and fell on the defective walkway outside the S&S Supermarket's premises, owned by Defendant on November 11, 2018. Plaintiff further alleged she struck her face, wrists, and knees on the pavement, and knew she had suffered minor injuries at that time. About two and a half weeks later, she felt pain in her right knee, and went to see a nurse practitioner, who diagnosed her with osteoarthritis in the knee joint. Plaintiff was advised to have her knee x-rayed, and the x-ray showed no injury other than developing osteoarthritis. Plaintiff then met with her primary health care provider, Dr. John Shrader, who viewed the x-ray and confirmed the results. He did not recommend any treatment. Plaintiff continued to feel minor periodic pain in her knee.

**{6}** On April 13, 2021, Plaintiff felt severe pain in her knee and a medical provider ordered an MRI. The MRI showed "a full thickness tear of the lateral meniscus," which

necessitated surgery. Since she had not had any serious injury other than the fall outside of the S&S Supermarket, Plaintiff concluded the torn meniscus must have occurred from that accident. Defendant characterizes this allegation as an admission by Plaintiff that she knew she had suffered a knee injury on the date of the fall. Plaintiff, however, specifically alleged that in April 2021 after the MRI, she connected the newly discovered meniscus tear to the fall because "[t]he only time she knew she had suffered a traumatic blow to her knee that could cause a torn meniscus was when she fell at S&S Supermarket on November 11, 2018."

**{7}**     The discovery rule requires a claimant make reasonable efforts to discover any injury and its cause as a result of a claimed tort. *See Gerke*, 2010-NMCA-060, ¶ 8 ("Depending on the nature of the claims asserted and the context out of which they arise, personal injury claims may accrue at the time of the occurrence, the time of injury, or the time of discovery."). Defendant relies on *Gerke* to argue "that the statute of limitations is not tolled because a claimant does not have knowledge of the full extent of injury." *Id.* ¶ 10. This is different than saying the statute of limitations bars a claimant who has been told repeatedly and consistently by medical providers that the cause of her injury was a normal degenerative disease. Defendant further quotes *Martinez v. Showa Denko, K.K.*, 1998 NMCA-111, ¶ 24, 125 N.M. 615, 964 P2d 176, for the proposition that "the mere fact that there is a divergence of medical opinions among physicians concerning the cause of an individual's ailment does not preclude or toll the running of the statute of limitations." The distinction is that in the present case there was no "divergence of medical opinions among physicians concerning the cause of" Plaintiff's ailment. All of the medical professionals concurred that her pain was caused only by degenerative osteoarthritis, for which Defendant would not be legally responsible.

**{8}**     According to the first amended complaint, Plaintiff consulted at least two qualified medical providers who concluded her knee pain was a result of normal degenerative changes and neither mentioned the possibility that the fall outside of the S&S Supermarket was a potential cause. Based on this record, the conclusion of these providers could be accepted by a reasonable person until the MRI showed the fall to be a possible cause. To the extent that the district court required Plaintiff to demonstrate that the discovery rule applied only if "specialized knowledge" was needed to discover the injury, a conclusion we do not address, such specialized knowledge, such as an MRI, was required to connect the injury to the fall and overcome the consistent advice of other medical professionals that her pain resulted from normal degenerative changes. Under the discovery rule a claimant only need file their complaint within three years of the injury when they have reason to know it was caused by the alleged tort. *See* § 37-1-8; *Trubow*, 2022-NMCA-044, ¶ 15; *Gerke*, 2010-NMCA-060, ¶ 9.

**CONCLUSION**

**{9}**     The complaint provides a factual basis to support Plaintiff's contention that the claim did not accrue until the April 13, 2021, MRI and therefore the complaint should not have been dismissed under Rule 1-012(B)(6) NMRA. *See Butler v. Deutsche Morgan*

*Grenfell, Inc.*, 2006-NMCA-084, ¶ 27, 140 N.M. 111, 140 P.3d 532 ("[W]here there are disputed facts, it is generally the province of a jury to determine the date on which a plaintiff became aware or should have become aware of the facts underlying his or her claim[, and i]f such factual disputes exist, granting a motion to dismiss on statute of limitations grounds would be improper." (citation omitted)).

**{10}    IT IS SO ORDERED.**

**BRUCE D. BLACK, Judge Pro Tem**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**